ISAAC C. CABLE *et al.*, Plaintiffs in Error, *v.* SAMUEL GATY *et al.*, Defendants in Error.

*Corporations—Personal Liability of Directors—Debts.*—The debts for which the directors are held liable under R. C. 1845, § 26, p. 234, are the debts voluntarily created by the directors. A judgment against the corporation for damages for a loss of a steamboat, through the negligence of the agents and servants of the company, is not one of the debts contemplated by the statute. (Cable et als. v. McCune et als., 26 Mo. 371, affirmed.)

*Error to St. Louis Land Court.*

This suit was brought against the Directors of the Marine Railway and Dock Company, upon the same case as was made out in the case of Cable et als. v. McCune et als., reported 26 Mo. 371.

*C. D. Drake*, for plaintiffs in error.

*Gantt, Glover & Shepley, Sharp & Broadhead*, for defendants in error.

BATES, Judge, delivered the opinion of the court.

This was a suit to subject the defendants to personal liability as directors of the St. Louis Marine Railway and Dock Company, a corporation chartered in 1849, upon the allegation that the debts of the corporation exceeded the amount of stock paid in.

The plaintiffs' claim against the corporation is the same which is described in the case of Cable v. McCune, 26 Mo. 371, in which the same plaintiffs sought to subject the defendants to personal liability as stockholders; and the first question presented is whether the demand of the plaintiffs is a debt of the corporation within the meaning of the· section of the act under which it is sought to hold the defendants liable.

The section is as follows: " The whole amount of the debts of any corporation hereafter created (except banking companies) shall not exceed the amount of its capital stock actually paid in, and in case of any excess the directors

under whose administration it shall happen shall be jointly and severally liable, to the extent of such excess, for all the debts of the company then existing, and for all that shall be contracted, so long as they shall respectively continue in office, and until the debts shall be reduced to the said amount of the capital stock: provided, that any of the directors who shall be absent at the time of contracting any debt contrary to the foregoing provisions, or who shall object thereto, may exempt themselves from the said liability by forthwith giving notice of the fact to the stockholders, at a meeting which they may call for that purpose."

It is very clear from the language and obvious purpose of the section, that the debts, which must exceed in amount the capital stock paid in to subject the directors to liability, must be debts voluntarily created by them or under their authority ; but assuming that an excess in amount of such undoubted debts exists, it becomes necessary to determine whether the directors are personally liable for demands against the company of the character of the plaintiffs.

The language of the section seems to apply only to one kind of liabilities of the corporation, and to make the directors liable to pay the same debts which constitute debts of the company, in excess of the capital stock paid in, and no other. The claim of the plaintiffs is not a debt voluntarily created by the directors or under their authority, and is excluded by its character from the number of those for which the directors may be personally liable.

The construction given by this court to the previous section of the act, as to the liability of stockholders for debts, seems equally applicable to this section. (Cable v. McCune, 26 Mo. 371.)

The lower court having decided that the plaintiffs could not recover, and the above view of this case taken by this court sustaining that decision, it is unnecessary to examine the other questions presented by the record.

Judgment affirmed. Judges Bay and Dryden concur.