THE PROVIDENT SAVINGS INSTITUTION, Respondent, *vs.* THE JACKSON PLACE SKATING & BATHING RINK, HENRY S. PARKER, Stockholder, Appellant.

1. *Corporations—Stockholders—Constitution—Individual Liability—Repeal—Obligation of contracts.*—The amendment to the Constitution of Missouri adopted Nov. 8th, 1870, which repealed the 6th section of Art. 8th of the then existing Constitution, whereby stockholders in corporations became liable for double the amount of stock they owned, and declared that all laws, ordinances and provisions inconsistent with said amendment should be forever abolished and of no effect, did not have the effect of removing the individual liability of one who was a stockholder when the debt was incurred and also when the execution was issued against the corporation. Giving this amendment such effect would make it impair the obligation of contracts, because first the creditor contracted with the corporation on the faith of the individual responsibility of the stockholders, and second, the remedy is so seriously affected that the obligation is impaired.

*Appeal from St. Louis Circuit Court.*

*M. L. Gray*, for Appellant.

I. The adoption of the constitutional amendment on 8th Nov. 1870, had at least the effect to take away the special, summary, statutory remedy by motion for execution against a stockholder. The remedy may be changed without impairing the obligation of a contract. (4 Wheat., 200, 245; Cool. Const. Lim., 286–7–8, 361, *et seq.*; Sedg. Stat. & Const. Law, 643.)

The remedy against a stockholder by a summary motion was clearly in the power of the Legislature to change and take away, and taking this summary remedy away, does not in any way impair the obligation of the contract.

II. The amendment of 8th Nov. 1870, to the Constitution clearly declares that thereafter in no case should a stockholder be individually liable over and above the amount of the stock owned by him. This amendment is not unconstitutional. " The debt is the debt of the corporation and not of the individual stockholder." (McLaren, *et al.* vs. Franciscus, *et al.*, 43 Mo., 465.)

III. Under our statute the creditor of the corporation gets no claim on the stockholder at the time of the contract, but gets such claim on the return of an execution " *nulla bona.*"

When that time came in this case the amendment of the Constitution declared no such claim existed.

.*Hitchcock, Lubke & Player*, for Respondent.

I. The note upon which respondent obtained the judgment against the Jackson Place Skating and Bathing Rink, under which the motion in question was made, was executed February 10, 1869, and while the double liability clause was in force as a part of the Constitution of this State.

Although this clause was repealed in November, 1870, and before respondent obtained judgment, such repeal can not affect the rights of respondent which accrued while said clause was in force.

If the repealing amendment purported to affect such rights, it would be unconstitutional and void under Sec. 10 of Art. I, of the U. S. Constitution. (Hawthorne vs. Calef, 2 Wal. U. S., p. 10 and cases cited.)

II. But it does not purport to affect such rights. (1 W. S., Ed. of 1872, p. 66 *a.*)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that plaintiff brought suit on the 18th of March, 1870, against the Jackson Place Skating and Bathing Rink, a Corporation created under the General Corporation Laws of this State.

Judgment was rendered in said suit in October, 1871, in favor of plaintiff, and against defendant, and execution was duly issued, and on the 4th day of December, 1871 the same was returned unsatisfied. Parker, the defendant, was a stockholder at the organization of the Skating and Bathing Rink Company, and continued to be one at the time of the issuance of the execution, holding two shares of one hundred dollars each. When the execution was returned " no goods or chattels found of the defendant whereon to levy," a motion was made for the issuance of an execution against Parker for an amount equal to his two shares. This motion was granted and an execution ordered, and from that action of the Court, Parker appealed.

The position is now taken by the appellant, that at the time the execution was returned and the order granted against him, the double liability clause in the Constitution was repealed, and that therefore there was no authority for the proceeding. He assumes that the Statute which provided for executing the Constitutional clause, and the remedy given thereunder were swept away by the amendment adopted in November, 1870, and consequently that the Court could not proceed thereafter under its provisions.

The amendment repealed the 6th Section of the 8th Article of the Constitution, which provided that stockholders in corporations should be liable for double the amount of stock they owned, and declared that all laws, ordinances and provisions inconsistent with the amendment should be forever abolished and be of no effect. If this amendment had the operation ascribed to it, then it cut off the creditors from all remedy against the stockholder, for it purports to repeal all laws and provisions which were made for enforcing the .clause as it existed in the Constitution. It is not a question of a mere change of remedy, but it amounts to a destruction of all remedy.

A case entirely similar to this, arose in the State of Maine, and was finally decided in the Supreme Court of the United States.

The State of Maine incorporated a Railroad Company, the Charter providing that the shares of the individual stockholders should be liable for the debts of the corporation; and in case of deficiency of attachable corporate property or estate, the individual property or rights and credits of any stockholder were to be liable to the amount of his stock, for all debts of the corporation contracted prior to the transfer thereof, for the term of six months after judgment recovered against the corporation, and the same was to be taken in execution on said judgment in the same manner as if said judgment and execution were against him individually, or the creditor after the judgment might have his action on the case against the individual stockholder, but the stockholder was

not to be liable beyond the amount of his stock. Another section provided that if sufficient corporate property to satisfy the execution could not be found, the officer having the execution should certify the deficiency on the execution, and give notice thereof to the stockholder whose property he was about to take; and if such stockholder should show to the creditor or officer sufficient attachable corporate property to satisfy the debt, his individual property, rights and credits should thereupon be exempt from attachment and execution.

The plaintiff in the case, who had supplied the corporation with materials to build the road, having obtained judgment against it and being unable to get from it satisfaction, sued the defendant who was a stockholder both at the time when the debt was contracted and when judgment was rendered, and no transfer of whose stock had been made. A few months after the debt was contracted the Legislature of Maine passed a Statute, repealing the individual liability clause of the Charter.

On the case coming before the Supreme Court of the State, that Court decided that while, but for the repealing act the plaintiff would have been entitled to recover of the stockholder individually to the extent of his stock, yet the repealing act had taken away and destroyed such right.

On Error to the Supreme Court of the United States (Hawthorne vs. Calef, 2 Wall., 10;) the judgment was reversed, and it was held that the State Statute repealing the former Statute which made the stock of the stockholders in the Chartered Company liable for the corporation's debts, was, as respected creditors of the corporation existing at the time of the repeal, a law impairing the obligation of contracts and void. The decision was based on two grounds. First, that the creditor contracted with the corporation on the faith of the individual responsibility of the stockholder, and the repealing statute withdrew that security, and secondly, that the remedy was so seriously affected that the obligation was greatly impaired.

The above case was decided by the Court of last resort for

the final settlement and adjudication of questions of this character, and is binding authority.

The facts in the two cases are almost identical. Here the defendant was a stockholder when the liability was incurred by the corporation, and never transferred his stock, but held it when the execution was returned and when the repealing clause was adopted.

The only question then is whether that repeal released him. We are of the opinion that it did not.

The result therefore is, that the judgment must be affirmed. The other Judges concur, except Judge Sherwood who is absent.