GEORGE M. OCHILTREE, Plaintiff in Error, *vs.* THE IOWA RAILROAD CONTRACTING COMPANY—Stockholder in MISSOURI, IOWA & NEBRASKA RAILWAY COMPANY, Defendant in Error.

1. *Corporations—Double liability clause, repeal of.—Liability of Stockholder.—* A stockholder in a corporation, who becomes such, after the repeal of the double liability clause in the State constitution of 1865, (See Art. VIII, § 6) is not liable in double the amount of his stock, for debts owing by the corporation prior to the repeal.

### Error to Clark Circuit Court.

*James Hagerman*, for Plaintiff in Error.

I. Under the law in force when the plaintiff's debts accrued, and at the date of consolidation, when " The Missouri, Iowa & Nebraska Railway Company" became obligated to pay the same, the stockholders existing at the time of the issuing of execution were liable under "double liability clause." (G. S., 328, §§ 11, 12; Constitution 1865, Art. 8, § 6; McClaren vs. Franciscus, 43 Mo., 452.)

II. The constitutional amendment of 1870, Sec. 6, Art. 8, as applied to debts existing against corporations at the time of its adoption, is null and void, in that it impairs the obligation of contracts within the meaning of Sec. 10, Art. 1, of the Constitution of the United States. (Green vs. Biddle, 8 Wheat., 1; Bronson vs. Kinzie, 1 How., 311; McCracken vs. Hayward, 2 How., 608; Woodruff vs. Trapnall, 10 How., 190; Curran vs. State of Arkansas, 15 How., 304; Corning vs. McCullough, 1 N. Y., 47; Conant vs. Van Schaick, 24 Barb., 87; Hawthorne vs. Calef, 2 Wall., 10; Von Hoffman vs. City of Quincy, 4 Wall., 535; Gunn vs. Barry, 15 Wall., 610.)

III. A contract can no more be impaired by Constitutional amendment than by statute. (Dodge vs. Woolsey, 18 How., 331; State of Missouri vs. Cummings, 4 Wall., 277; In the matter of Oliver Lee & Co's Bank, 21 N. Y., 9; State vs. Miller, 50 Mo., 129.)

IV. The fact that defendant became a stockholder in the " Missouri, Iowa & Nebraska Railway Company " after constitutional amendment of 1870 cannot effect plaintiff's rights.

(Marcy vs. Clark, 17 Mass., 329; Von Hoffman vs. City of Quincy, *supra*.)

V. Section 8, Art. 6, of Constitution of 1865, known as " double liability " clause applied to all corporations existing and subsequent. (Oliver Lee & Co's Bank, 21 N. Y., 9; Reciprocity Bank, 22 N. Y., 9.)

VI. This " double liability clause," as applied to corporations existing at the time of its adoption, did not violate any contract on the part of the State with the corporation or its stockholders. (Gray vs. Coffin, 9 Cushing, 192; Coffin vs. Rich, 45 Maine, 507; Milliken vs. Whitehouse, 49 Me., 527; Hawthorne vs. Calef, 53 Me., 471; Peele vs. Phillips, 8 Allen, 86; Ang. & Ames on Corp., § 612, (8th Ed.); Abbott's Dig. Cor. Title " Legislation " pp. 444-5-6; Peters vs. St. Louis & Iron Mountain R. R. Co., 23 Mo., 107; Gorman vs. Pacific Railroad, 26 Mo., 441; Stanley vs. Stanley, 26 Me., 191.)

*F. T. Hughes, with whom were Bland & Baker*, for Defendant in Error, filed an elaborate argument to show, that the charter of the Alexandria & Bloomfield R. R. Co. exempted it from the operation of the General Statute relating to the liability of stockholders; and then argued in substance as follows:

I. Assuming for the argument,which we do not admit, that the stockholders in the A. & B. R. R. became subject to the double liability as created by the constitution of 1865, yet, notwithstanding this, the defendant in this case is not liable under that provision of the constitution, or the law passed in 1866.

II. By the agreed statement of facts submitted with the record in the case, it is admitted; that the defendant was not a stockholder at the time the debt was created; and that the stock now owned by defendant was originally subscribed for, issued, and paid up, after the adoption of said amendment.

III. The plaintiff cites and relies upon McCracken vs. Hayward, (2 How., 608,) and Hawthorne vs. Calef, (2 Wall., 10.) The case of Hawthorne vs. Calef is entirely dissimilar to the case at bar, for in that case the defendant was a stockholder when the debt was contracted, and during the existence of

the law creating the liability, and continued to own and hold the stock after the law was repealed, and until after execution issued; so that it formed a complete case to which the doctrine could apply. The case of McCracken vs. Hayward only decides, that a law seriously affecting the remedy for the collection of a debt is, as to existing creditors, void. But that decision cannot apply to this case; for at the time the debt was contracted, this defendant was not a stockholder; nor is it now the assignee of any stock then held or owned by any one in the company; nor was it a stockholder at any time during the existence of the law creating the liability sought to be imposed. The plaintiff did not give credit to the defendant, nor to any one of whom the defendant is a representative or assignee. The defendant by becoming a stockholder did not diminish the assets of the company, destroy any stock then in existence, or take from any stockholder then owning stock in said company any liability to pay plaintiff's debt. The case of M'Laren vs. Franciscus, (43 Mo., 452,) does not aid the plaintiff. It only decides, that the stockholders, who are such at the time of execution, and not those who were such at the time the debt was contracted, are liable. It does not attempt to decide what the measure of such liability is. That was not in the case presented for the consideration of the court, and could not be, for the defendant there was a holder of stock which was issued to and held by his assignor at the time the debt was created, and held at the time the law was in force creating the liability, etc. Therefore, we say, that, while the court decides who are liable, it does not decide the rule by which such liability is measured.

IV. The case of Curtis vs. Harlow, 12 Met., (Mass. 3), was relied upon and strongly urged by the plaintiff in the trial below. There is nothing in that case which will apply to the case at bar. It is similar to the case of M'Laren vs. Franciscus, and decides the same point.

V. We claim that as the stock was original stock, and issued after the debt was created, and after the liability was changed, it could not have been any part of the inducement which

caused the plaintiff to give credit to the corporation. There is no privity between the plaintiff and the defendant. The defendant was not in any way a party to the contract of indebtedness, nor is he the representative or assignee of any such party.

VI. It is also claimed by the plaintiff that, as the defendant became a stockholder in the corporation with a full knowledge of its indebtedness, and was permitted to partake of its benefits, he became liable for its debts. If the defendant had purchased stock already in existence, and affected with the liabilities created under a former law, this reasoning would be sound. It would then fall within the rule of Curtis vs. Harlow, *supra*. But as the defendant became a stockholder by original subscription after the constitution had repealed the double liability, it is sound to presume that it relied upon the law as then in existence for the measure of its liability.

VII. A subscription of stock to a corporation is a contract, and the law, fixing the liability of the subscriber as it exists at the date of the subscription, enters into and forms a part of the contract. (Ireland vs. Palestine Turnpike Co., 19 Ohio St., 369.) When the defendant subscribed for this stock, the law imposed no double liability upon him, and it is a violation of the obligation of his contract to make him liable under any other law than the one then in existence, whether that law was a prior, but repealed one, or a subsequent one. (Sturges vs. Crowninshield, 4 Wheat., 122, cited and approved by Thompson J., in Ogden vs. Saunders, 12 Wheat., 213.)

NAPTON, J., delivered the opinion of the court.

The only question in this case, necessary to be decided, is, whether a stockholder in a corporation, who becomes such after the constitutional amendment of Nov. 1870, is liable to the double liability imposed upon its stockholders by the 6th Sec. of Art. 8 of this constitution of 1865, and the provisions of the statute made to carry this constitutional provision into effect.

The position is assumed and maintained by an elaborate and able argument of counsel, that the liability extends to the

stockholders subscribing after the repeal of the double liability clause as to all debts contracted by the company before the repeal, and to support this position the case of Hawthorne vs. Calef, 2 Wall., 10, is specially relied on.

The argument is based on the doctrine, that the rights of creditors cannot be impaired by subsequent legislation, which the case cited abundantly establishes, as well as other decisions by the same court.

But what were the creditors' rights under the double liability statute? Did they go beyond a right to subject the existing stockholders to this provision in the nature of a penalty? Had the creditors any right to anticipate an additional responsibility which did not exist when they gave the credit?

The law which subjected the stockholder to the double liability was in the nature of a penalty (Kritzer vs. Woodson, 19 Mo.,327), based upon considerations of public policy, and liable to be repealed upon like considerations. It could only be enforced in the mode and time, and against the parties subjected to it.

The defendant was not a member of the corporation when this law was in force; he became such after its repeal and when the law only subjected his stock to the creditors. It is conceded in the agreed case, that the defendant had paid up his stock, and that, of course, like other assets of the corporation, was liable to the debt. It cannot be implied, and certainly was not expressed in his subscription, that it was his contract to assume a liability which neither the law nor his contract imposed. To so construe it would be wholly unwarranted.

The case of Marcy vs. Clark, 17 Mass., 329, is relied on, and the opinion of the court in that case is quoted, which says: "As to those who became members after judgment against a corporation, or after a debt has accrued, they voluntarily subject themselves to the inconvenience, having the means to satisfy themselves of the solvency of the company if they choose to make inquiry.

Those who become inhabitants of a town after a liability for

debt is incurred, are in the same predicament, and the case of Hoffman vs. The City of Quincy, 4 Wall., 535, is to the same effect. But those decisions are not applicable.

It is clear, that a person, who moves to a town or city, sub_jects himself to such taxation as all other citizens are liable to, and that a new stockholder in a corporation makes his stock liable to its debts though antecedent to his membership.

But something more than this is claimed here. It is claimed, that the new stockholder not only makes the property he puts in the corporation liable to its debts, but assumes a personal responsibility which neither the law nor his contract created. That such a law existed before he subscribed is certainly no ground for the presumption, that he had any thought of incurring this personal responsibility at the time of his subscription, seeing that it was repealed.

The creditor cannot complain that any of his rights have been taken away, for when his debt accrued he had no claim whatever against the defendant. His rights against the corporation and its members remain just as they were; and the new subscription, in fact, increases the capacity of the company to pay the debt.

But the personal liability, which he seeks against defendant, has no existence, and had none when the defendant became a stockholder in the company.

Another question was discussed in this case, whether this double liability clause ever did apply to the R. R. company in which defendant took stock, and whether its charter did not exempt it from the provisions of the general statute on this subject. But upon the view we have taken of the first point it is unnecessary to examine this question.

The judgment is affirmed. All the other judges concur.