OLIVER F. FULLER

*v.*

MARY LEDDEN.

1. STOCKHOLDER *of bank—liability to creditors of the bank—when suit must be brought.* Under the charter of the Bank of Chicago, which provided, "each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfer," etc., it was *held*, that a stockholder assumed a primary liability to creditors of the bank to an amount double his stock, and not a secondary one; and having incurred such liability he was not released therefrom by his not being sued within three months after a transfer of his stock.

2. The fair and reasonable construction of such clause in the charter is, that a stockholder is liable for debts incurred while a member, and, also, for such debts as the bank should contract for and during the ensuing three months after giving notice of a transfer of his stock. The clause does not relate to the time in which suit must be brought to enforce his liability.*

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FULLER & SMITH, for the appellant.

Messrs. SHUFELDT & WESTOVER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by Mary Ledden, in the Superior Court of Cook county, against Oliver F. Fuller,

---

*What constitutes one a stockholder, and of evidence in respect thereto. See *Corwith et al.* v. *Culver,* 69 Ill. 502, and *Stowe* v. *Flagg,* 72 id. 327. When sought to be charged by a creditor of the company, a stockholder is estopped to deny the power of the corporation to act. *Corwith et al.* v. *Culver,* 69 Ill. 502.

to recover the amount of certain moneys deposited in the Bank of Chicago, a corporation organized under a special charter of the State of Illinois, in which Fuller was a stockholder at the time the money was deposited.

The action was brought to enforce the individual liability of Fuller as a stockholder under the third section of the charter of the bank, which provided that "each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfer as hereinafter mentioned."

The action was commenced on the 25th day of July, 1874, and, in the declaration, it was averred that on the 1st day of January, 1873, previous thereto and thereafter, the said Oliver F. Fuller was a stockholder in said bank, and owned twenty shares, to the amount of $2000, and, on the last mentioned date, the Bank of Chicago was indebted to the plaintiff in the sum of $488.62 for money previously deposited by the plaintiff. To the declaration the defendant filed a special plea, in which he averred that prior to January 24, 1874, he was a stockholder; that on January 24, 1874, he sold and transferred his shares of stock of the bank, to-wit, twenty shares, to one Ellis, for a valuable consideration, and then and there ceased to be an owner of any stock in the bank; that defendant's shares were, when sold, transferred in the manner required by the by-laws of the company, and the notice of such transfer, required by the act, was given on the 19th day of March, 1874. To this plea a demurrer was interposed, which the court sustained, and the defendant electing to stand by the plea, judgment was rendered in favor of the plaintiff, and defendant appealed.

The plea presents but a single question, and that is, whether, under the charter of the bank, a right of action of a creditor, against a stockholder, is limited to three months after the stockholder sells and transfers his stock.

In *Culver* v. *Third National Bank of Chicago*, 64 Ill. 530, which was an action by a creditor to collect a demand against

the corporation from a stockholder, where the act of incorporation provided that all the stockholders of the company shall be, severally, individually liable to the creditors of the company to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company prior to the time when the whole amount of its capital stock shall have been paid in, and a certificate thereof made and filed, it was held that the stockholders were primarily liable to the extent provided in the act to the creditors of the company.

In *Corning* v. *McCulloch*, 1 Comstock, 47, which was, as here, an action by a creditor against a stockholder, it was held, where the charter of an incorporated company provides that the stockholders shall be liable for its debts, and that a creditor may, after judgment obtained against the corporation and execution returned unsatisfied, sue any stockholder and recover his demand, such stockholders are liable, in an original and primary sense, like partners or members of an unincorporated association.

In *Allen* v. *Sewell*, 2 Wend. 327, where the language of the act was that " the members of the company shall be individually liable" for its debts, the court said, it was the intention of the legislature to put the stockholders upon the same footing, as to liability, as if they had not been incorporated.

In *Aspinwall* v. *Sacchi*, 57 N. Y. 331, where it was provided in the charter that the stockholders should be, severally, individually liable to the creditors of the corporation to an amount equal to the amount of stock held by them, respectively, until all the stock should be paid in, it was held, " Here, by the statute, all the stockholders are made individually liable for the debts of the company, and the liability is the same in effect as if every stockholder had executed a separate bond binding himself to pay the debt upon the conditions specified in the act." See, also, *Heager* v. *McCulloch*, 2 Denio, 123, and *Coleman* v. *White*, 14 Wis. 701, where the same doctrine is announced. From those authorities, it is apparent

that the stockholders assumed the primary liability to creditors
of the corporation to pay the indebtedness of the company
to an amount equal to double the amount of stock held by each
stockholder.   When a debt was contracted by the corporation,
the liability of the then stockholders attached, and, from that
moment, they became bound in the same manner and with
like effect as if they had been doing business as partners unin-
corporated, except, under the act, the liability of each stock-
holder is limited to double the amount of stock held or owned
by him.   The bank, no doubt, obtained deposits upon the
credit of the stockholders, as the act which created the bank
expressly declared and fixed the liability of the stockholders.
The charter was accepted by the stockholders, the company
organized, and business commenced with full knowledge, on
the part of the stockholders, of their liability, under the act
which gave them a corporate existence.  Under such circum-
stances, the stockholders should be held to a strict accounta-
bility.

When the money, to recover which this action is brought,
was deposited in the bank, appellant was a stockholder.   Un-
der the charter, he became the debtor of appellee; his liability
was fixed, and we are aware of no principle under which he
could release himself without the consent of appellee.   He
had the right, it is true, to sell his stock, and cease to be a
member of the corporation, but his withdrawal from the cor-
poration would not release him from liabilities incurred while
a member.

A contract or liability of this character can not be rescinded
by one party without the consent of the other contracting party.

But it is urged by appellant that the action can not be main-
tained, as it was not instituted within three months after notice
was given of the transfer of appellant's stock.

The words of the act, "Each stockholder shall be liable to
double the amount of stock held or owned by him, and for
three months after giving notice of transfer as hereinafter

mentioned," has reference to the continuance of the liability, and not to the time within which action shall be instituted.

The fair and reasonable construction to be given to the language used is, appellant, as a stockholder, was liable for debts incurred while a member, and for such debts as should be contracted by the corporation for and during the ensuing three months after he had given notice of the transfer of his stock.

The general Statute of Limitations of the State, providing the time in which actions should be brought, was not changed by the provision of the charter, but it was left in full force and effect. Suppose the act had been framed in this language: Each stockholder, while a member of the corporation, and for three months after notice of transfer of stock, shall be liable to double the amount of stock held or owned by him,— we apprehend it could not reasonably be contended, the stockholder would be released unless action was brought within three months after notice of transfer of stock, and yet the substance of the act and the supposed language is the same.

We are of opinion the facts set up in the plea presented no defense to the action, and the demurrer was properly sustained. As to the declaration, it was good in substance, and the judgment will be affirmed.

*Judgment affirmed.*