JOSEPH HODGSON, Defendant in Error, *v.* ANNIE B. CHEEVER, Plaintiff in Error.

### February 10, 1880.

1. Where a bank charter provides that the stockholder shall be individually responsible to the amount of his stock in case of the bank's default in the payment of any liability, the stockholder's liability arises out of contract.

2. Where a citizen of Missouri becomes a stockholder of an Illinois bank having such a charter provision, he is liable to an action in Missouri, at the suit of a depositor.

3. The stockholder's personal obligation under such a provision becomes fixed when he subscribes for the stock, and, in case of the bank's default, he may be sued individually at law by an individual depositor.

4. Where the bank fails and closes, the owner of a certificate of deposit may sue the stockholder without first making demand of the bank.

ERROR to the St. Louis Circuit Court.

*Affirmed.*

D'ARCY & NAGEL, for the plaintiff in error : The petition does not state a cause of action, in this : that it does not state that the certificate sued on was ever presented to the bank or its assignee. — *Hicks* v. *Burns*, 38 N. H. 144. The liability sought to be enforced is a penalty, and cannot be enforced outside the State imposing it. — *Richardson* v. *Railroad Co.*, 98 Mass. 85 ; *Woodward* v. *Railroad Co.*, 10 Ohio St. 121 ; *Halsey* v. *McLean*, 12 Allen, 438 ; *Hutchinson* v. *New England Coal Co.*, 4 Allen, 530 ; *First National Bank* v. *Price et al.*, 33 Md. 487 ; *Lawler* v. *Burt*, 7 Ohio St. 341 ; *Kritzer* v. *Woodson*, 19 Mo. 327 ; *Ochiltree* v. *Iowa, etc., Co.*, 54 Mo. 113 ; *Perry* v. *Turner*, 55 Mo. 418–428. The only remedy is in equity, and as all the stockholders cannot be found in Missouri, but only two of them, there is here no remedy at all ; certainly not until the home remedy has been exhausted against the home stockholders. — *Perry* v. *Turner*, 55 Mo. 418–428 ; *Erickson* v. *Smith*, 27 N. J. 166 ; *Fusz* v. *Spaunhorst*, 67 Mo. 256. The petition does not state facts sufficient to constitute a cause of action, in this : that it assigns no reason why a liability, even if arising out of contract, should be enforced in this State, if against its policy, as the enforcement of the present liability would be. — Const., Art. VIII., sect. 6 (as amended) ; 1 Wag. Stats. 66 a ; 3 Burge Col. Laws, 779 ; 2 Chitty on Con. (11th ed.) 972 ; *Hope* v. *Hope*, 8 De G. M. & G. 731 ; *Bank of Augusta* v. *Eagle*, 13 Pet. 519 ; *Carroll* v. *City of East St. Louis*, 67 Ill. 568 ; *Kitchen* v. *Greenbaum*, 61 Mo. 110.

JAMES M. DILL and O. B. GIVENS, for the defendant in error : The obligation of the defendant arose out of contract. — *Fuller* v. *Ledden*, 87 Ill. 310 ; *Aspinwall* v. *Sucehi*, 57 N. Y. 331 ; *Heager* v. *McCullough*, 2 Denio, 123 ; *Coleman* v. *White*, 14 Wis. 701 ; *Culver* v. *Bank,*

64 Ill. 529 ; *Corning* v. *McCullough*, 1 Comst. 47 ; *Bank* v. *Ibbotson*, 24 Wend. 473. Bankruptcy or insolvency of the corporation fixes the liability of the stockholder. — *Tibballs* v. *Libby*, 87 Ill. 142 ; *State Savings Inst.* v. *Kellogg*, 52 Mo. 583. An individual creditor may sue an individual stockholder at law in Illinois. — *Culver* v. *Bank*, 64 Ill. 528 ; *Corwith* v. *Culver*, 69 Ill. 502 ; *Fuller* v. *Ledden*, 87 Ill. 310 ; *McCarthy* v. *Lavasche*, 89 Ill. 273. Missouri courts will enforce the same contract. — *Haughtling* v. *Bull*, 20 Mo. 563 ; *Depos* v. *Mayo*, 11 Mo. 313 ; *Broadhead* v. *Noyes*, 56 Mo. 157 ; *Carson* v. *Hunter*, 46 Mo. 467 ; 36 Mo. 339 ; 19 Mo. 84. The liability of a stockholder to the creditors of the corporation may be enforced by an action at law in Missouri. — *Perry* v. *Turner*, 55 Mo. 418, 427 ; *State Savings Inst.* v. *Kellogg*, 52 Mo. 585. The remedy we ask is not opposed to the morals, religion, or public policy of Missouri, and must therefore be enforced. — *Kitchen* v. *Greenbaum*, 61 Mo. 115 ; Story on Confl., sect. 244.

HAYDEN, J., delivered the opinion of the court.

This is an action against the defendant as a stockholder of the People's Bank of Belleville, a corporation formed under the laws of Illinois, seeking to hold the defendant, by reason of the failure of the bank, to pay to plaintiff a sum deposited with it. The ninth section of the charter of the bank (1 Priv. Laws Ill. 1869, pp. 194–196) is as follows :

" Whenever default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be individually responsible for an amount equal to the amount of stock held by them respectively ; and such liability shall continue until three months after an assignment of the stock and publication of a notice thereof in a newspaper published at the said city of Belleville."

The bank organized with a capital of $100,000, divided

into shares of $100 each, and continued to do business at Belleville, Illinois, until the twenty-second day of April, 1878, when it failed. The defendant was the owner of ten shares of the capital stock. In September, 1877, the plaintiff deposited $300 in the bank, payable, with interest, in six months; and in paying this sum the bank made default. There was judgment below for the amount claimed.

It was admitted upon the trial that the defendant was, before the incorporation, and has ever since been, a citizen of Missouri, and has never lived in Illinois; and it is now contended that the liability sought to be imposed is a penalty, and cannot be enforced outside of the State imposing it. But the line of demarcation between the provision above quoted and those imposing penalties for misconduct on the part of officers or others connected with the corporation, in cases like these cited by the defendant, is too obvious for comment. In *Ochiltree* v. *Iowa, etc.*, *Co.*, 54 Mo. 117, the liability there discussed is incidentally spoken of as in the nature of a penalty; but with this compare the language used in *Perry* v. *Turner*, 55 Mo. 427. Where there is only a failure on the part of the corporation to pay its legal debts, and in that contingency a liability of stockholders, the creditor's rights arise out of contract, and the obligation is of a corresponding nature. *Provident Savings Inst.* v. *Jackson Place Rink*, 52 Mo. 552; *St. Louis, etc.*, *Co.* v. *Harbine*, 2 Mo. App. 134; *Hawthorne* v. *Calef*, 2 Wall. 10; *Ochiltree* v. *Railroad Co.*, 21 Wall. 249; *Corning* v. *McCullough*, 1 N. Y. 47; *Wiles* v. *Suydam*, 64 N. Y. 176; *Norris* v. *Wrenschall*, 34 Md. 500; *Mokelumne, etc.*, *Co.* v. *Woodbury*, 14 Cal. 266; *Dozier* v. *Thornton*, 19 Ga. 326. See *Norfolk* v. *Gas Co.*, 103 Mass. 160; *Nickerson* v. *Wheeler*, 118 Mass. 295. By the policy of some States, corporations, especially banks, the creditors of which are considered to need peculiar protection, have, in relation to their stockholders, some of the features of partnerships, and, in the absence of express constitutional inhibitions, the

stockholders may be made individually liable for all the debts of the company.   Here the charter of the bank provides that, merely upon default of the company to pay any debt contracted by it, the stockholders will be individually responsible for an amount equal to the amount of their stock.   The defendant contracted in view of this, and received the benefit of his promise in the increased value which the provision tended to give to the shares.   The obligation of the contract was created by his own act.   It was the defendant who chose to submit himself to the statute law which forms a part of the contract, and who was willing that his rights and obligations should be regulated by the laws of another State.   This contract was not immoral or contrary to the public policy of this State, though this State has thought it more conducive to its well-being to provide, in reference to corporations formed under its own laws, that stockholders shall not be individually liable in any amount over the amount of the stock owned.   Const., Art. XII., sect. 9.   If a citizen of Missouri goes beyond his own State and contracts, in view of the obligations imposed by the laws of other States, the provision just quoted does not shield him.   Nor can he urge that the obligation is statutory, and that the statutes of this State afford no remedy.   The same comity which allows the corporations of this State to sue in other States upon contracts made under our laws, and not immoral or against public policy, should induce the courts of this State to afford a remedy where a citizen of this State undertakes obligations imposed by the laws of another State, which are not repugnant to good morals or our policy.   The obligation of the contract thus existing and accompanying the promisor, — since debt and contract are of no particular place, — the ordinary remedy for breach of implied contract is afforded by the law of the forum.   *Ex parte Van Ripor*, 20 Wend. 614; *Paine* v. *Stewart*, 33 Conn. 516.   See *First National Bank* v. *Price*, 33 Md. 492; *Payson* v. *Withers*, 5 Biss. 278;

*Hutchins* v. *Mining Co.*, 4 Allen, 580; *Halsey* v. *Mc-Lean*, 12 Allen, 440.

What has been said is an answer to the argument that the plaintiff's remedy by the general principles of law is by bill in equity against all the stockholders, and to which all creditors should be parties. The defendant's personal obligation is fixed by the terms of the charter and by his subscription, and the contingency is that default shall be made by the corporation. An individual creditor can sue at law an individual stockholder; so the Supreme Court of Illinois has held, and such seems to be clearly the proper construction of the clause quoted. *Culver* v. *National Bank*, 64 Ill. 528; *Corwith* v. *Culver*, 69 Ill. 502; *Fuller* v. *Ledden*, 87 Ill. 310; *McCarthy* v. *Lavasche*, 89 Ill. 273. In the face of an express provision like the above, considerations as to the nature of the remedy intended to be given, where the purport of the act is merely to increase the fund for the benefit of the creditors generally, are not pertinent to the question. The answer to the defendant, when he claims that he should not be remitted to the courts of Illinois, there to have his equities adjusted, is, that by his own act he individually made the promise here sued on, and that no special or peculiar remedy is needed to enforce his obligation. The relation which the sister States bear to each other insures to this plaintiff, who sues strictly in accordance with the rules of this forum, a remedy without which the contract, as made, could not be enforced against the defendant.

The question is as to the right of the plaintiff to recover when this suit was brought. It appears that the bank ceased to do business and made an assignment, and the evidence shows that a demand would have been useless, in view of these facts. There was no necessity of making a demand immediately upon the maturity of the certificate, though the bank had not then failed; nor can the omission to do so defeat the right to recover against the defendant. The obligation rested upon the stockholders, and, the default

appearing, the plaintiff may enforce the obligation. *Paine* v. *Stewart, supra,* and Illinois cases cited.

The judgment is affirmed. Judge Bakewell concurs; Judge Lewis is absent.