### Emma Klages v. Fred Kohl.

1. STATUTE OF LIMITATIONS—*law of forum governs.* As the Stat-
ute of Limitations applies only to the remedy and not to the right,
the statute in force in the state in which the action is brought applies.

2. COMITY—*how statutes of foreign state construed.* Statutes of a for-
eign state must receive the same interpretation in the courts of this
state as is given them in the courts of their own state.

3. PENAL—*when liability is, rather than contractual.* The liability
imposed by statute upon bank officials to pay the deposits that their
bank received after insolvency, is penal rather than contractual.

Contested claim in court of probate. Appeal from the Circuit Court
of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, pre-
siding. Heard in this court at the August term, 1905. Reversed.
Opinion filed March 22, 1906.

PEARCE & DAVIS and THOMAS WILLIAMSON, for appellant.

W. P. EARLY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed in the County Court of Madison
County, by appellee against the estate of Henry Klages, de-
ceased, to recover a balance due on a deposit of money made
by appellee in the Mullanphy Savings Bank of St. Louis,
in the State of Missouri. From the judgment of the
County Court an appeal was prosecuted to the Circuit
Court, where the case was tried *de novo*, jury being waived.
The trial resulted in a finding and judgment in favor of ap-
pellee for the sum of $1,773.75.

The Mullanphy Savings Bank was a corporation organ-
ized under and existing by virtue of the laws of the State
of Missouri, and did business in the city of St. Louis, in

that state. From January 1, 1891, to March 1, 1897, Henry Klages was a stockholder and director of said bank, and for a period of five years immediately prior to March 1, 1897, he was a member of the discount committee, which was the managing committee of the bank. Appellee was a citizen of the State of Illinois, residing at Venice, across the river from the city of St. Louis, and at some time prior to March 1, 1897, deposited money in the Mullanphy Savings Bank, to the amount of $3,158.20. On the last-named date the bank, being then insolvent, failed, owing appellee the sum mentioned.

The receiver of the bank paid him dividends from the assets, reducing the principal amount due him to the sum of $1,262.27. After the failure of the bank Henry Klages remained a citizen of the State of Missouri and continued to reside in the city of St. Louis until August 3, 1902, when he died, leaving appellant, his widow, an interest in his estate. At the time of his death he had personal property in Madison county, Illinois, where an administrator was duly appointed August 11, 1902, and on April 11, 1903, appellee filed his claim against the estate.

Appellee's claim is based on a statute of the State of Missouri, as follows:

" Sec. 1295. No president, director, manager, cashier or other officer or agent of any bank or banking institution organized and doing business under the provisions of this article, or of any laws of this state, shall receive or assent to the reception of deposits, or create or assent to the creation of any debts by such bank or banking institution, after he shall have knowledge of the fact that it is insolvent or in failing circumstances. Every person violating the provisions of this section shall be individually responsible for such deposits so received and all debts so contracted. * * *"

" Sec. 1296. In all suits brought for the recovery of the amount of any deposits received or debts so created, all officers, agents or managers of any such banking institutions charged with having so assented to the reception of such deposit, or the creation of such debt, may be joined as defendants or proceeded against severally, and the fact that such banking institution was so insolvent or in failing

circumstances .at the time of the reception of the deposit charged to have been so received, or the creation of the debt charged to have been so created shall be *prima facie* evidence of such knowledge and assent to such deposit or creation of such debt on the part of such officer, agent or manager so charged therewith."

"Sec. 1297. This article shall extend to whom:

"This article shall extend to and may be enforced by and against the executors and administrators of such deceased officers, agents and managers."

A number of interesting questions are raised upon this record and elaborately discussed by counsel, in their respective briefs, but as we view the case only two of them need be discussed here. These are as to the Statute of Limitations, and the sufficiency of the evidence to support the findings and judgment of the trial court.

As the Statute of Limitations applies only to the remedy and not the right, the statute in force in the state where the action is brought applies. In this case, however, that rule is of no importance, since the Statute of Limitations of the two states is substantially the same, with respect to the subject-matter of this action. The character of the liability is the controlling question as to this branch of the case.

Counsel for appellee contends that the liability "is a contract liability," evidenced in writing, and therefore the action might be commenced at any time within ten years after the cause of action accrued.

Counsel for appellant contends that the liability "is a penal liability," and therefore must be commenced within two years after the cause of action accrued.

The liability accrued in a foreign state and is based on a statute of that state. This statute must receive the same interpretation in the courts of this state, in this case, as is given it in the courts of its own state. We must look there for the law that determines the true character of the liability in question, and we find that in the year 1899, the precise question was decided, in a case based on the same sections of the statute as the case at bar. Eads v. Orcut,

Klages v. Kohl.

79 Mo. App. 511. The court in that case says: This action "was brought by plaintiff as a depositor against the defendants as officers of the Citizens' Bank of Jamesport to recover the amount of deposits made by him between March 15th and July 13, 1893, when the bank was known to defendants to be insolvent or in failing circumstances. The statute is as follows:" (here the statute is quoted in the opinion word for word the same as the statute in evidence in this case and above quoted by us.) After discussing many authorities, substantially the same ones cited pro and con by counsel in this case, the court says: "But, while the statutes construed in some of these cases are in some respects similar to our statute, yet it will be found on an investigation that they are based on the idea of a contractual liability arising from the fact that the membership of the corporation, in connection with the statute respecting such membership, made the obligation substantially contractual. But when the statute imposed a liability upon the corporation officer which was not his, as a consequence of doing a forbidden act, it is a penalty, in a local sense, notwithstanding it may afford a remedy to the party complaining." * * * "Our statute prohibits receiving deposits, or contracting debts, when the bank 'is insolvent or in failing circumstances' and provides that any officer 'violating the provisions of this section shall be individually responsible for such deposits so received and all such debts so contracted.' This clearly, though providing a remedy for the creditor and in that respect remedial, inflicts punishment on the officer for his transgression by making him pay for the debt of the corporation, which he did not owe. It will be observed that the statute is but a legislative compliance with the constitution of the state and that the language of each is in the imperative, commanding what shall not be done and prescribing onerous consequences. We are satisfied that the civil liability thus put upon the officers is a penalty."

In that same case the court further says: "In holding the statute to be penal we are aware of what may be said

to be the results which logically follow such construction. Being penal it would be governed by the period prescribed by the Statute of Limitations as to penalties, unless otherwise provided. That the right of action and recovery would accrue to the creditor, if he chose to assert it, even though he could have made the sum due him from the bank if he had so undertaken," etc., etc., at great length. This we believe to be the last expression of any Missouri court upon this question, and we are unable to find any case or holding in that state that is in conflict with the conclusion there reached.

It is true that in Hodgson v. Cheever, 8 Mo. App. 318, the court held the liability there to be a contract liability, but that liability accrued in the State of Illinois and the action was based on an Illinois statute, applicable to all stockholders of the bank alike and in which the liability of a stockholder was limited to an amount equal to the stock held, and in other material respects that statute was different from the statute here under consideration.

And further, in that case the Missouri court was not construing a Missouri statute, but simply followed the interpretation of an Illinois statute which the Illinois courts had given it, as they were bound to do in such case.

The right of action accrued upon the failure of the bank, March 1, 1897, and the action was not commenced until April 11, 1903. The liability is a penal liability, the two years' limitation applies, and the action was therefore barred.

There is in this record no evidence tending to prove that at the time appellee made his deposits the bank was "insolvent or in failing circumstances," nor is there any evidence or circumstance in the case from which either of these facts can be inferred. The evidence does not even show when the deposits or any of them were made. So far as the evidence shows or tends to show, the deposits may have been made at any time between 1873, when the bank commenced business, and 1897, when it failed.

The judgment of the Circuit Court is reversed.

*Reversed.*