# Bradley *v.* Hunter.

### *Statutory Real Action in Nature of Ejectment.*

1. *Error without injury in charge to jury against plaintiff showing no title.* — When the record does not show that the plaintiff below had or offered any evidence whatever of right or title in himself to maintain the action, this court will not, at his instance, reverse the judgment on account of an erroneous charge to the jury, since such charge could have worked no injury to him.

2. *Bankruptcy; right of assignee to recover lands fraudulently conveyed by bankrupt; conclusiveness of proceedings in bankrupt court.* — The assignee of a bankrupt's estate, regularly appointed, may sue for and recover, by action at law, lands conveyed by the bankrupt in fraud of the bankrupt act; and neither a contest of the bankrupt's right to a discharge by a creditor, nor the bankrupt's examination on that contest, nor his final discharge by the bankrupt court, is conclusive on the assignee in such action, as to the conveyance of the lands by the bankrupt.

APPEAL from the Circuit Court of Limestone.
Tried before the Hon. JAMES S. CLARK.

[Bradley *v.* Hunter.]

WALKER & JONES, for appellant.

W. RICHARDSON, *contra.*

PETERS, C. J. — This is an action for the recovery of land. The complaint is in the usual statutory form, and in it the plaintiff is described simply " as the assignee of James C. Hunter." On the trial, after the charge of the court below, the plaintiff took a nonsuit. The charge of the court was the only proceeding in the court below that seems to have been excepted to. The record does not show upon what plea issue was joined; but it is recited that the suit " came on to be heard, on the day and year above set forth, and issue being joined thereon, the plaintiff offered to show that the lands sued for had been transferred by James Hunter, an adjudicated and discharged bankrupt, previous to his filing his petition in bankruptcy, to William O. Hunter, the defendant in this cause, in violation of, and in fraud of the bankrupt law. Whereupon the said defendant objected to the introduction of evidence for the purpose of showing that said sale was in violation and in fraud of the bankrupt law ; because said defendant had been adjudicated a bankrupt, and discharged by the bankrupt court, sitting at Huntsville, a court of competent jurisdiction for that purpose, and that the circuit court of Limestone county could not inquire into, or disturb, any question that had been settled by said court of bankruptcy." It seems, that, after this objection, the effort to offer said testimony was abandoned by the plaintiff, and this seems to be all the attempt made by the plaintiff to offer evidence of any kind to support his complaint. At least, this is all that the bill of exceptions shows. Besides, there was no exception reserved to the objection thus made, and no order of the court thereon.

After this, the record sets forth that the " Examination of James C. Hunter," in the district court of the Northern District of Alabama, at Huntsville in said district, on the 25th day of November, 1869, before Thomas C. Fullerton, register in bankruptcy for said district, was offered in evidence, " to show that the said circuit court (of Limestone county) had no jurisdiction of the matters complained of in said complaint of said Bradley ; because the said matter had been passed upon by the bankrupt court." His examination is set out in full. But it does not show that any order or action was made or taken on said examination in said district court, sitting as a court of bankruptcy, or otherwise. The bill of exception further shows, that it was " admitted that the proceedings and papers and records in the bankrupt court show that William Rotenberry, a creditor of the bankrupt, called for and asked the examination of the bankrupt,

[Bradley *v.* Hunter.]

said James C. Hunter; that they (the proceedings, papers, and records) also show that William Rotenberry *contested* the discharge of the said James Hunter, in bankruptcy; and that said examination of said bankrupt took place before his discharge; and that the proceedings in bankruptcy were regular." Rotenberry alone made the contest above referred to. It was also admitted, that the lands mentioned in the examination of the bankrupt were those mentioned in the plaintiff's complaint, and that said James C. Hunter was discharged in bankruptcy. It was also admitted, that the proceedings in bankruptcy had been regularly conducted, and that Rotenberry and the other creditors had had proper and legal notice of the same. This was, in substance, all the evidence.

On this evidence, the court charged the jury as follows; that is to say: "That these proceedings, to wit, the bankrupt's discharge as aforesaid, had and done in the bankrupt court, amount to an adjudication of this question, and the plaintiff was precluded by said action of said bankrupt court, discharging the said Hunter in bankruptcy, from attacking said transfer in this court for fraud, or for having been made in violation of the bankrupt law; and they, if they believed the evidence, must find for the defendant." This charge was excepted to by the plaintiff in the court below, and this is the only error now raised on the record in this court.

1. By what title the plaintiff claims a right to recover the land in controversy is nowhere shown by the proofs incorporated into the transcript. Upon this question the record is wholly silent. It is not shown that the plaintiff below was the assignee of the estate of the debtor petitioning to be discharged under the bankrupt act. He shows no title whatever, nor does he attempt to show any. No evidence that he offered in support of his claim was rejected by the action of the court, so far as I can discover from the bill of exceptions; and beyond the bill of exceptions, this court cannot go. Nor does it seem that the plaintiff objected to any evidence offered by the defendant on the trial in the court below. Then, the question first to be considered is, does the record show that the plaintiff (the appellant in this court) has any title which gives him a right to recover the lands in question in this suit? Most clearly, this does not appear. The plaintiff does not show any title, or attempt to show it. Then, upon this defect of proof, he has no right to a reversal. Upon the evidence set out in the record, the court below was bound to instruct the jury to find for the defendant. Otherwise, the verdict would have been contrary to the evidence. Allowing the transcript of the examination of the bankrupt before the bankrupt court to go in as a part of the proofs on the trial, there was some testimony for the de-

fendant. It tended to show, that he had purchased the lands in controversy from James C. Hunter. But there was no evidence whatever for the plaintiff. This is, doubtless, an omission in the bill of exceptions, or an oversight in making it up. But this cannot now be helped. The appellant fails to show any right or title to recover. When this is the case, a reversal will not be allowed, on account of an incorrect ruling of the court; unless such ruling deprives the party complaining of his evidence, or forces other evidence upon him, without his consent, which had an injurious effect on his rights. Such error is error without injury. See Shep. Dig. p. 569, §§ 108, 109, and cases there cited. This view of this case necessitates the affirmance of the judgment of the court below.

2. But, as the affirmance of a judgment on an appeal from a nonsuit leaves the judgment still but a judgment of nonsuit, and such a judgment does not necessarily create a bar to the plaintiff's right to bring another suit, it is proper to dispose of this case as it was no doubt the intention of the parties to have presented it in the court below. Rev. Code, §§ 2670, 2759; 7 Bac. Abr. Bouv. pp. 214, 221, 222. But, if Bradley, the plaintiff in the court below, was the assignee of the estate of the bankrupt, then his right to sue for and recover all the property that belonged to the bankrupt at the date of filing his petition, and also all that which had by him been conveyed or assigned in fraud or in violation of the provisions of the bankrupt law, must be admitted. The act of Congress declares this in the most explicit terms. It directs that "the register shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books, and papers relating thereto; and such assignment shall relate back to the commencement of said proceedings in bankruptcy; and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, although the same is then attached on mesne process, as property of the debtor, and shall dissolve such attachment, made within four months next preceding the commencement of said proceedings." Bankrupt Law, March 2, 1867, § 14; Acts of Congress 1867, p. 522; Bump, pp. 119, 382. But this assignment does not include the property of the bankrupt which is exempt. This exemption has since been enlarged and defined. Acts of Congress 1872–1873, p. 211; Act No. 110, approved March 3, 1873. The act first above quoted goes on further to provide, that "all the property conveyed by the bankrupt in fraud of his creditors," shall, in virtue of the adjudication of bankruptcy, and the appointment of the assignee, "be at once vested in such assignee, and he may sue for and recover said estate, debts, and

effects." Act, *supra*, § 14. And the evidence of his title in such a suit is "a copy, duly certified by the clerk of the court, under the seal thereof, of the assignment made by the judge, or register, as the case may be, to him as assignee." Act, *supra*, § 14. This very clearly clothes the assignee of the bankrupt's estate with authority to sue for and recover all property that belonged to the bankrupt at the date of filing his petition, and "all property conveyed by him" "in fraud of his creditors" at any time within the statute of limitations. This is one species of fraud which vitiates the bankrupt's conveyance. This includes such conveyances and assignments as are denounced by the law of the state in which they are made as fraudulent.

But there is still another species of conveyance, which the bankrupt act forbids, and which it declares void as fraudulent, against the provisions of that act. These latter conveyances have reference to the time they are entered into, the condition and purpose of the debtor in making them, and the knowledge of the person to whom they are made of these facts. These are such conveyances as are declared fraudulent and void under section 35 of the bankrupt law. Act, *supra*, § 35; Bump, ed. 1873, pp. 531 to 534. This forbids any insolvent debtor, who seeks to be discharged in bankruptcy, to make a conveyance of his property, or any part of it, to his creditor by way of preference, in fraud of the provisions of the bankrupt act, within four months before filing his petition. Such a conveyance is void, and the assignee may sue for and recover the property thus conveyed, or its value. Act, *supra*, § 35; Bump, pp. 531 *et seq.* It is presumed that this latter conveyance is the species of fraud to which the bill of exceptions in this case refers. Very clearly, this question was not involved in the examination of the bankrupt, as set out in the bill of exceptions. This examination took place under the provisions of the bankrupt law, and has nothing of a conclusive character about it. It may be made and repeated as often as the court may allow, but it is followed by no order or judgment of a conclusive character. It is the mere examination of the bankrupt as a witness, as to the property which belonged to him, subject to be surrendered to the assignee. The bankrupt's wife may be examined in the same way, and for like purposes; and so may any other witness. Act, 1867, *supra*, § 26; Bump, ed. 1873, pp. 166 *et seq.* Such an examination is not intended to have any conclusive effect, and it does not bar a recovery by the assignee, against the vendee of the bankrupt, of lands fraudulently conveyed, or assigned to such vendee in violation of the provisions of the act last above quoted. Then, the charge of the court below, so far as it involved a definition of the effect of the ex-

amination above mentioned, was incorrect. But, for the reasons above stated, it was error without injury, and it cannot work a reversal.

What is said in the bill of exceptions about the "contest" of the bankrupt's discharge, made by Rotenberry, seems to have reference to the examination alone. There was, indeed, no opposition save this attempted to be interposed to the discharge. The opposition to the discharge, authorized by the law, must be made on "a specification in writing of the grounds" of objection; and this must be tried as a question of fact at a stated session of the district court, and not by the register, as may be done on the examination. Act of 1867, *supra*, § 31. Such a trial could not properly involve the right of the assignee to the lands of the bankrupt fraudulently conveyed by him to a creditor in violation of the bankrupt law. Neither the assignee nor the creditor would be a party to such a proceeding. This is not contemplated by the act. This contest would be only between the opposing creditor and the bankrupt. This is clearly the language of the act. And the bankrupt's discharge does not affect the assignee's title to the property, by law vested in him. This vestiture of title is absolute, and no conduct of the bankrupt can defeat it. Then, neither the examination of the bankrupt, nor opposition to his discharge by a creditor, nor the final discharge of the bankrupt, can operate as a bar to a recovery by the assignee against a creditor, in an action of ejectment, for lands fraudulently conveyed by the bankrupt to such creditor. But this error in the construction of the effect of the examination, contest, or opposition to the discharge, and the discharge of the bankrupt, cannot change the judgment in this case, as it is presented in this court by the record, because the record shows that, in no aspect of the case as it is presented, is the assignee entitled to recover. He neither shows that he is assignee of the bankrupt's estate, nor that he has any title to the land in suit whatever. The judgment of the court below is proper, and should not be disturbed.

The judgment of the court below is, therefore, affirmed.