# Glover *v.* Love.

*Bill in Equity by Assignee in Bankruptcy to set aside Fraudulent Conveyance by Bankrupt.*

1. *Jurisdiction of State and Federal courts.*—The general principle is, that where jurisdiction may be conferred on the courts of the United States, congress possess the power to make it exclusive, where it is not expressly made so by the constitution itself; but, if exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution and laws, they are competent to take it.

2. *Suits by assignee in bankruptcy.*—Since June 22d, 1874, when the Revised Statutes of the United States become operative, exclusive jurisdiction of all suits by an assignee in bankruptcy, for the recovery of assets belonging to the bankrupt's estate, is vested in the Federal courts (§§ 711, 4972); except that, under the provisions of an amendatory law, adopted on the same day (18 U. S. Statutes at large, 178), the Bankrupt court may authorize the assignee to sue in a State court for the recovery of a debt not exceeding $500; and any suit brought by him in a State court, without such permission or direction, is without the jurisdiction of the court.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. CHARLES TURNER.

The opinion of the court in this case states all the material facts. The chancellor overruled a demurrer to the bill for want of equity, on the ground that the court had no jurisdiction of the case; but, on final hearing, on pleadings and proof, he dismissed the bill; and his decree dismissing it is now assigned as error.

JAS. E. WEBB, for appellant.

THOS. SEAY, *contra.*

SOMERVILLE, J.—This is a bill in equity filed by John M. Glover, as the assignee in bankruptcy of John E. Love, to set aside a conveyance of property, made by the bankrupt to his wife, Irene H. Love. The conveyance is sought to be vacated, on the ground that it was voluntary, and therefore fraudulent and void; and for the further reason, that it was executed in fraud of the provisions of the bankrupt law of 1867.

The objection is raised by demurrer, that the courts of the United States have *exclusive* jurisdiction of the case, and that

. [Glover v. Love.]

the State courts cannot take cognizance of it, unless in the contingency, and under the circumstances, prescribed by the bankrupt law itself. It is argued, that the failure of the Bankrupt court to *direct* or *authorize* the assignee to file the bill, and the further fact that the sum in controversy exceeds five hundred dollars, are each fatal to the jurisdiction of the Chancery Court. The bill was filed in September, 1877.

Prior to the adoption of the Revised Statutes of the United States, which was in June 22, 1874, the State courts were not prohibited from entertaining jurisdiction, concurrent with the courts of the United States, in all actions authorized to be brought by an assignee for collection of the assets of the bankrupt.—*Barnard v. Davis*, 54 Ala. 565; *Bradley v. Hunter*, 50 Ala. 265; *Claflin v. Houseman*, 93 U. S. 130; *Cook v. Whipple*, 55 N. Y. 150; *Isett v. Stuart*, 80 Ill. 404; *Cogdell v. Exum*, 69 N. C. 464.

But, since that date, section 711 of the Revised Statutes makes the jurisdiction, which is vested in the courts of the United States, to be *exclusive* of the courts of the several States. This jurisdiction is made, by the sixth sub-division of said section, to include "*all matters* and *proceedings* in bankruptcy." The jurisdiction, furthermore, which is conferred upon the District courts, as courts of bankruptcy, is specially made to extend to the collection of the assets of the bankrupt.—U. S. Rev. Stat. § 4972, p. 968.

On the same date with the adoption of the Revised Statutes, June 22, 1874, an amendment was enacted by Congress to the bankrupt act of 1867, adding the following words to section 1: "*Provided*, That *the court having charge of the estate of any bankrupt may direct* that any of the legal *assets* or *debts* of the bankrupt, as contradistinguished from equitable demands, shall, *when such debt does not exceed five hundred dollars*, be collected in the *courts of the State* where such bankrupt resides, having jurisdiction of claims of such nature and amount." U. S. Stat. at Large, vol. 18, part 3, p. 178; Laws of U. S. p. 210, § 2.

The general principle is, that where jurisdiction may be conferred on the Federal courts, Congress possesses the power to make it exclusive, where it is not expressly made so by the constitution itself. But, "if exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution [and laws], they are competent to take it."—*Claflin v. Houseman*, 93 U. S. 130, 136; *Ex parte McNiel*, 13 Wall. 236.

The effect of the foregoing amendment, and other existing provisions of the bankrupt act, we think, is to confer exclusive jurisdiction upon the Federal courts, of all actions

[Childers v. Bowen & Walthall.]

brought by an assignee for the recovery or collection of the assets of the bankrupt, unless within the operation of the exceptions created by the amendment. If within the class of cases excepted, a suit may be brought in a State court, when the assignee is *directed* to do so, by the court having charge of the bankrupt's estate. It is sufficient to say that this suit was commenced in the Chancery Court by the assignee, so far as the record discloses, without the permission or direction of the Bankrupt court; and this fact is fatal to the jurisdiction, without regard to any question as to the amount in controversy. Whether the valuation of $500 is designed, by the terms of the amendment, to be confined to the *debts* of the bankrupt, or can be made to include all his *legal assets*, is a question not necessary to be here decided. These views are fully sustained by the following authorities. *Dodd v. Hammock*, 59 Ga. 403; *Sherwood v. Burns*, 58 Ind. 502; *Olcott v. MacLean*, 17 N. Y. (10 Hunn) 277. The only case to which our attention is directed, holding the contrary view, is that of *Goodrich v. Wilson*, 119 Mass. 429, the doctrine of which we do not approve.

The Chancery Court having no jurisdiction of the subject-matter of the suit, there is no error in the decree of the chancellor dismissing the bill.

Affirmed.