[Pollock & Co. v. Hill, Assignee.]

# Pollock & Co. *v.* Hill, Assignee.

*Bill in Equity by Assignee in Bankruptcy to have Convey-
ance of Land Set aside and Cancelled.*

1. *Bankruptcy; right of assignee, prior to adoption of Revised Statutes,
to bring suit in State courts.*—Prior to the adoption of the Revised Statutes
of the United States, the chancery courts of this State had jurisdiction
to entertain a bill filed by an assignee in bankruptcy, to assail and set.
aside transfers of property made by the bankrupt in fraud of the rights
of his creditors, or in fraud of the assignee as their trustee, or fiduciary
representative.

2. *Same; when jurisdiction of Federal courts exclusive.*—Since the
adoption of the Revised Statutes, June 22d, 1874, and the act amendatory
of the bankrupt act of 1867, approved on same day, the jurisdiction of
the Federal courts has been exclusive as to all actions instituted by an
assignee in bankruptcy for the recovery or collection of the assets of the
bankrupt, except in cases coming within the influence of the exception
created by the amendment.

3. *Same; when State courts may take jurisdiction.*—In such cases the
State courts may take jurisdiction, under the exception created by the
amendment, when the amount in controversy does not exceed five hun-
dred dollars, and the Federal court in which the proceedings in bank-
ruptcy are pending, has authorized or directed the assignee to sue in
the State courts.

APPEAL from Jefferson Chancery Court.

Heard before Hon. CHARLES TURNER.

The bill in this cause was filed on the 24th of April, 1879, by
H. L. Hill, as the assignee in bankruptcy of D. F. Constantine,
the appellee, against J. Pollock & Co., the appellants, to have
delivered up and cancelled a deed executed by the bankrupt on
the 2d of March, 1878, and during the pendency of proceedings
in bankruptcy against him, conveying to the appellants certain
real estate situate in Birmingham.    It is shown by the aver-
ments of the bill and exhibits thereto, and also by the proof,
that on the 23d of February, 1878, the requisite number of
creditors under the bankrupt law filed their petition in the Dis-
trict Court of the United States for the Northern District of
Mississippi, to have D. F. Constantine and one S. S. Fields, his
partner, declared and decreed bankrupts; that on the 24th of
April, 1878, said District Court entered a decree, declaring and
adjudging the said Constantine and Fields bankrupts, and ap-
pointing the appellee as the assignee of their estates in bank-
ruptcy; and that on the 3d of June, 1878, the register of said
court executed to the assignee an assignment of all the property

and effects of said bankrupts under the provisions of the bankrupt law. The appellants were creditors of Constantine & Fields, and the deed was executed to them in payment of a part of what that firm owed them. The bill, after charging that ·the deed was inoperative as against the assignee because it was executed after proceedings in bankruptcy ,had been instituted, and while such proceedings were pending, also sets up a contemporaneous parol agreement to the effect, that the deed was delivered on condition that the title to the real estate described therein should not vest thereunder, until said District Court should determine that Constantine "was not a bankrupt, and until he had been discharged from the court as free of the charge, and proceedings of bankruptcy so instituted and pending in said court against him." The other facts are sufficiently stated in the opinion.

The Chancery Court overruled a demurrer filed to the bill, and on final hearing, had on pleadings and proof, decreed to the complainant the relief prayed. The decree overruling the demurrer and the decree on final hearing are here assigned as error.

RICE & WILEY, and J. T. GLAZE, for appellants.

J. T. TERRY, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—Prior to the adoption of the Revised Statutes of the United States, which was on June 22d, 1874, the chancery courts of this State had jurisdiction to entertain a bill filed by an assignee in bankruptcy, to assail and set aside transfers of property made by the bankrupt, in fraud of the rights of his creditors, or in fraud of the assignee as their trustee or fiduciary representative.—*Barnard v. Davis,* 54 Ala. 565; *Bradley v. Hunter,* 50 Ala. 265; *Claflin v. Houseman,* 93 U. S. 130; *Cook v. Whipple,* 14 Amer. Rep. 202 [S. C. 55 N. Y. 150].

Since the adoption of these statutes, however, and the enactment, on the same day, by Congress, of the law of June 22d, 1874, amendatory of the bankrupt act of 1867, the jurisdiction of the Federal courts has been exclusive as to all actions instituted by an assignee in bankruptcy for the recovery or collection of the assets of the bankrupt, unless such actions can be brought within the influence of the exception created by the amendment.—U. S. Stat. at Large, vol. 18, part 3, p. 178; Laws of U. S. p. 210, § 2.

In order to confer such jurisdiction upon the State courts, two prerequisites are essential. The *first* is, that the court hav-

[Williams v. Higgins.]

ing charge of the estate of the bankrupt, which is of course the court in which the bankrupt proceedings are pending, shall *authorize or direct* the assignee to sue in the State courts; and the *second* is, that the amount in controversy in such action shall not exceed the sum of *five hundred dollars.* This question was considered by this court in *Glover, Assignee, &c., v. Love,* 68 Ala. 219, where the conclusion above indicated was reached. See *Dodd v. Hammock,* 59 Ga. 403; *Sherwood v. Burns,* 58 Ind. 502; *Olcott v. Maclean,* 73 N. Y. 223.

In this cause the bill was filed in April, 1879, and the Chancery Court was, therefore, without jurisdiction over the subject-matter in controversy, under the principle above declared. The record shows that the fair value of the land conveyed by the bankrupt to the appellants was about *two thousand dollars.* It fails further to show that the assignee had any authority conferred on him by the bankrupt court to bring this suit in a *State* court. He was authorized and directed merely "to take charge of all the assets, real and personal, of said bankrupt in the State of Alabama, and to bring suit for the recovery of all real and personal property, *in the State of Alabama,* rightfully belonging to the estate of said bankrupt." There is nothing said here about suing in the State courts. No authority to this end is given to the assignee. Without the requisite order, the Federal courts in this State constituted the proper forum for the litigation here presented.

The chancellor erred, therefore, in taking jurisdiction of the case as made by the record. His decree must be reversed, and a decree is rendered in this court dismissing the complainant's bill at his cost.

| 69 | 517 |
|----|-----|
| 93 | 95 |

| 69 | 517 |
|-----|-----|
| 107 | 545 |

| 69 | 517 |
|-----|-----|
| 116 | 426 |
| 119 | 282 |

| 69 | 517 |
|-----|-----|
| 138 | 197 |