### PRESCOTT KEYES *vs.* HERBERT G. McKERROW.

Suffolk.   December 2, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract*, Validity.   *Attorney and Counsellor.   Bankruptcy.*

Before the rule adopted by the United States District Court forbidding such employment, a trustee in bankruptcy lawfully might employ the bankrupt's attorney in the collection of debts, there being no conflicting interests between the bankrupt and the trustee in that matter.

CONTRACT by an attorney at law against a trustee in bankruptcy for $75 had and received by the defendant to the plaintiff's use.   Writ in the Municipal Court of the City of Boston, dated May 19, 1899.

On appeal to the Superior Court, the case was tried before *Maynard*, J.   The defendant asked for rulings, that upon all the evidence the plaintiff was not entitled to recover, and that the contract alleged to have been made by the plaintiff and defendant was void as contrary to public policy.   The judge refused to make either of these rulings.

The jury returned a verdict for the plaintiff in the sum of $82.61; and the defendant alleged exceptions.

*J. G. Holt*, for the defendant.

*W. S. Pinkham*, for the plaintiff.

KNOWLTON, J. The evidence at the trial tended to show that the defendant was the trustee in bankruptcy of one Damon, that Damon made a composition with his creditors and paid into court a sum of money sufficient to pay the percentage due them, the costs of court, and all charges and expenses of the defendant as trustee; that the clerk of the court sent the defendant a check which was afterwards paid, and which covered these charges and expenses, and that in the expenses was included the sum of $75 for attorney's fees allowed to the plaintiff for services rendered to the trustee. This suit is brought to recover the $75 thus received by the defendant from the bankrupt's estate, but never paid over to the plaintiff.

The only questions argued by the defendant are those that grow out of the fact that the plaintiff acted also as attorney for the bankrupt, the defendant's contention being that the contract for services between the plaintiff and the defendant was so far against public policy that the plaintiff cannot now have this money. The answer to this contention is that the services rendered to the trustee were in the collection of debts due the estate, and that there were no adverse or conflicting interests between the bankrupt and the trustee in regard to this business. Although in general it is doubtless better that the trustee should not employ in the settlement of the estate the attorney whom the bankrupt employs, and although the rule since adopted by the United States District Court forbidding such an employment is a good one, there may be matters like the collection of debts, in which the bankrupt's attorney might serve the trustee without impropriety. Upon the facts shown in this case there is no merit in the defendant's contention.

*Exceptions overruled.*