THOMAS A. CALLAHAN, trustee, *vs.* ABRAHAM ISRAEL & another.

Worcester. January 12, 1904. — September 8, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Bankruptcy,* Powers of trustee. *Attorney. United States District Court.*

It is no defence to a suit in equity by a trustee in bankruptcy, to recover assets of the bankrupt alleged to be in the possession of the defendant, that the plaintiff did not obtain leave to bring the suit from the court by which he was appointed.

The rule of the United States District Court for the District of Massachusetts, that the attorney of record of the bankrupt shall not act for a creditor or for the trustee in bankruptcy, applies only to proceedings in bankruptcy, and it certainly is no defence to a suit in equity brought by the trustee in bankruptcy to recover assets of the bankrupt alleged to be in the possession of the defendant, that the plaintiff's attorney was attorney for the bankrupt in the bankruptcy proceedings.

BILL IN EQUITY, filed March 2, 1903, by the trustee in bankruptcy of one Davis Kritcher, to recover assets of that bankrupt alleged to be in the possession of the defendant Israel, praying for an accounting with Israel and for other relief.

The defendant Israel filed a plea in bar, setting up the alleged defences that the suit could not be maintained because, first, the

plaintiff did not, before bringing the suit, obtain authority from the bankruptcy court or referee to bring it, and, second, because the counsel, who brought the suit, was counsel for the bankrupt in the bankruptcy proceedings, and was for that reason disqualified to act for the trustee of the bankrupt's estate in this suit. The plaintiff filed a replication to the plea.

In the Superior Court the case was heard upon the bill, plea and replication by *Gaskill*, J., who *pro forma* sustained the plea in bar of the defendant Israel, and reported the case for determination by this court. If the plea should be sustained upon the first ground, the bill was to be dismissed with costs; but, if the plea should be overruled as to the first ground, the case was to stand for trial in the Superior Court. If the plea should be sustained upon the second ground, the case was to stand for trial in the Superior Court, upon the withdrawal of Mr. Merrill, as counsel for the plaintiff, if in the opinion of the court that course was proper; but, if the plea should be overruled upon the second ground, the case was to stand for trial in the Superior Court, and such further order or decree was to be made as the court might deem proper.

*C. A. Merrill*, for the plaintiff.

*R. Hoar* for the defendant Israel.

BARKER, J. 1. The first question raised by the plea is whether the fact that the plaintiff, who is a trustee in bankruptcy, brought the suit without first obtaining leave of the court by which he was appointed or of its referee, is a good defence.

Section 47 of the bankruptcy act of 1898, clause 2, requires trustees to " collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest."

Because of the phrase " under the direction of the court " it is contended that a trustee cannot institute a suit without some express leave or direction.

But that phrase, if intended to limit the power of a trustee in bringing actions, does so only because it limits every act of a trustee, in collecting and reducing to money the property of the estate. It was not the intention of Congress that a trustee could not make a demand for payment, receive money offered in pay-

ment, or take any of the usual means to collect and reduce to money the estate, the title of which had vested in him, without some specific direction so to do. The clause was merely intended to give the court power to direct the proceedings of its trustees, if occasion for such direction should arise in any specific instance, and not to place upon the court the burden of giving constant directions as to the reducing of the property to money.

The title to the estate is vested in the trustee. U. S. St. 1898, c. 541, §§ 70 a, 21 e, g. There is no reason to hold that he has not the right of an owner to bring suit to collect his property, save as it is clearly expressly limited by the act. The only such limitations are found in § 11, and relate only to suits brought by or against the bankrupt before the proceedings in bankruptcy and pending after the appointment of the trustee. Other portions of the statute imply that the trustee is expected to bring suits. U. S. St. 1898, c. 541, §§ 11 d, 23 b. The provisions in §§ 26 and 27 with reference to submissions to arbitration and to compromises under which the trustee may submit to arbitration "pursuant to the direction of the court" and may compromise any controversy "with the approval of the court" would be redundant, if, as is contended by the defendant, the trustee could take no steps to reduce the estate into money except by direction of the court. The implication that the trustee must act upon his own responsibility and judgment in bringing suits seems to us clear. See *In re Baber*, 119 Fed. Rep. 520 ; *Pease* v. *McQuillin*, 180 Mass. 135, 137.

2. The remaining question is whether the fact that the plaintiff's attorney in the case at bar was attorney for the bankrupt in the bankruptcy proceedings is a bar to the prosecution of the suit. The contention is that an order of the United States District Court for the District of Massachusetts adopted on October 21, 1899, which provides that "The attorney of record of the bankrupt shall not act for any creditor or for the trustee in bankruptcy proceedings" makes the fact stated a good defence. We need not inquire whether a rule of the United States District Court can have operation in the State courts. It is plain that the order quoted has application only to proceedings in bankruptcy, and that the case at bar is not a proceeding in bankruptcy. In *Keyes* v. *McKerrow*, 180 Mass. 261, which was

a suit by an attorney to recover compensation, it was said that " there may be matters . . . in which the bankrupt's attorney might serve the trustee without impropriety." At any rate, the fact pleaded is not a good defence.

> *Order sustaining plea reversed; case to stand for trial in the Superior Court.*