# Porter, *et al. v.* Hughes.

### Bill to Enforce Unpaid Stock Subscription.

(Decided December 21, 1916.   73 South. 400.)

1. **Bankruptcy; Trustees; Authority to Sue.**—Under the Bankruptcy Act of July 1, 1898, requiring that trustees shall collect and reduce to money the property of an estate for which they are trustees, the trustee of a bankrupt corporation could bring a bill in equity to recover unpaid stock subscription without specific authority from the bankrupt court to file the bill in the state court.·

2. **Corporations; Unpaid Stock Subscriptions; Trustee's Bill to Recover.** —Where the bill averred that it is recited in the corporation papers that all ·of the stock subscribed was paid in full in cash, but the trustee believed :and charged that a named respondent had never paid for shares for which !he subscribed, and that he owed the corporation or the trustee $9,800, or a :large part thereof (and also making the same allegations as to other de-:fendants) such trustee was entitled to maintain the bill if construed to mean :that the corporation papers contained a history of corporation transactions, :and showed a·status of corporate committal, estopping the corporation to :allege that anything more was due from defendant on their subscription contract, thus inhibiting the maintenance by the bankrupt corporation of an :action at law against these defendants, although otherwise the bill would be ·without equity on the ground that the trustee had an adequate remedy at law.

APPEAL from Houston Chancery Court.

Heard before Hon. O. S. LEWIS.

Bill by C. E. Hughes as trustee of an insolvent corporation ·against E. C. Porter and others to collect an unpaid subscription to stock.   From a decree overruling demurrers to the bill respondents appeal.   Affirmed.

FARMER & FARMER, for appellants.   W. R. CHAPMAN, for appellee.

SAYRE, J.—This is a bill in equity brought by appellee, as trustee in bankruptcy of an insolvent corporation, to recover unpaid stock subscriptions.   We shall notice only two objections to the bill.

(1) The demurrer complains that complainant had not specific authority from the bankruptcy court to file this bill in the state court.   The brief for appellant cites *Glover v. Love,* 68 Ala. 219, and *Pollock v. Hill,* 69 Ala. 515.   Those cases were decided under the bankruptcy act of 1867 (Act March 2, 1867, c. 176,

14 Stat. 517) and its amendment of June 22, 1874, in which it was provided that the court having charge of the estate of any bankrupt might direct that any debt of the bankrupt be collected in the state courts, when such debt did not exceed $500.—18 U. S. Stat. at Large, pt 3, p. 178. The bankruptcy act of 1898 provides very differently. Clause 2 of section 47 of the latter act requires that trustees shall "collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest." As pointed out by the Supreme Court of Massachusetts, the phrase "under the direction of the court," if intended to limit the power of a trustee in bringing actions, does so only because it limits every act of a trustee in collecting and reducing to money the property of the estate. But, as that court says: "It was not the intention of Congress that a trustee could not make a demand for payment, receive money offered in payment, or take any of the usual means to collect and reduce to money the estate, the title of which had vested in him, without some specific directions so to do. The clause was merely intended to give the court power to direct the proceedings of its trustees, if occasion for such direction should arise in any specific instance, and not to place upon the court the burden of giving constant directions as to the reducing of the property to money."—*Callahan v. Israel*, 186 Mass. 383, 71 N. E. 812.

Other parts of the statute imply that the trustee is expected to bring suits (U. S. St. 1898, v. 541, §§ 11c, 23b), and the implication upon the statute as a whole is that the trustee may act upon his own responsibility and judgment in bringing a suit such as we have here.—*Callahan v. Israel, supra; Trustee in Bankruptcy Co. v. Bank of Clarksdale*, 77 Miss. 599, 27 South. 637; *In re. Meadows, Williams & Co.* (D. C.), 181 Fed. 911. The demurrer on this ground was properly overruled.

(2) In the next place, appellant urges that complainant (appellee) had an adequate remedy at law. The bill avers that: "It is recited and stated in said corporation papers that all of the stock subscribed for, as above set forth, was paid in full, in cash; that your complainant is informed and believes, and upon such information and belief he states and charges, that the said E. C. Porter has never paid for said 98 shares for which he subscribed in said corporation, and that he owes to said corporation, or to

your complainant as trustee of said corporation, said sum of $9,800, or a large part thereof"—and so on, substantially, with reference to the other defendants.

We take this to mean that the "corporation papers" contain a history of corporations transactions and show a status of corporate committal, an agreement or understanding that the little or nothing defendants had paid on their stock subscriptions should be all they were to pay, such a status, agreement or understanding as would estop the corporation to allege that anything more was due from defendants on their stock subscription contracts and so inhibit the maintenance of an action at law by the bankrupt corporation.—*Nicrosi v. Irvine,* 102 Ala. 648, 15 South. 429, 48 Am. St. Rep. 92. On this acceptation of the averments of the bill—and we think it is the one that must be accepted, though the bill is not as clear and direct to this point as it might be—complainant is entitled to maintain the bill, and it is of no practical importance in this case whether his right be based upon the "trust-fund doctrine," now established by statute in this state, or whether fraud, actual or constructive, be accepted as the true ground of liability.—*Vaughn v. Alabama National Bank,* 143 Ala. 572, 42 South. 64, 5 Ann. Cas. 665. Otherwise, it would be necessary to hold the bill to be without equity on the ground of demurrer last above-stated.—*Hundley v. Hewlitt,* 195 Ala. 647, 71 South. 419.

*Drennen v. Jenkins,* 180 Ala. 261, 60 South. 856, referred to in briefs, is not in point. That was the case of a bill by creditors who had, of course, no title to their debtor's choses in action. Construing the bill in this case as above indicated, the court adjudges that there was no error in overruling the demurrer wherein it suggested that complainant had an adequate remedy at law.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.