FRANK A. PEASE, trustee, vs. PATRICK J. McQUILLIN.

Bristol.　October 28, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Bankruptcy*, Suits by trustee.　*Contract*, Building contracts.　*Agency*.

Under the bankruptcy act of 1898 a trustee in bankruptcy may sue in his own name on a demand which became due to the bankrupt before the commencement of the proceedings in bankruptcy.

In an action by a trustee in bankruptcy to recover on a contract made by the bankrupt with the defendant to do the mason's work in a building, it appeared, that, when the greater part of the work was performed, the bankrupt became ill and stopped work, whereupon the defendant said to persons representing the bankrupt that he was willing to complete the work himself and to pay to the plaintiff whatever might remain due to him as the bankrupt's legal representative, and the defendant then completed the work. *Held*, that on these facts, a finding for the plaintiff was justified, as the trial judge must have found that the work in effect was completed by the bankrupt through the agency of the defendant and that there was no abandonment of the contract.

CONTRACT by the trustee in bankruptcy of the estate of George F. Allen, for labor and materials furnished by Allen in the erection of two buildings which the defendant had agreed to build for the city of Fall River and the mason's work of which he sublet to Allen.　Writ dated January 25, 1899.

The declaration contained four counts: the first two on the written contracts, and each of the last two on a *quantum meruit* for the labor and materials furnished.　The defendant, in addition to his answer, filed a declaration in set-off.　The case was sent to an auditor and twice recommitted.　In his third report, made in substitution for his earlier reports, the auditor found that after the making of the contracts between Allen and the defendant, Allen performed the greater part of the work called for, and that before the completion of the work Allen was taken ill and abandoned the work without making any provision for its completion.

The report continued as follows: "Upon Allen's abandonment of the work, the defendant proceeded to finish it, as he was justified in doing, and the buildings were in due course of time accepted and paid for by the city.　The plaintiff contends that

the defendant finished the mason work on the buildings as Allen's agent, but on the evidence I am unable to so find.

" The defendant contends that his contracts with Allen are entire, and that Allen's failure or neglect to complete them operates to prevent a recovery for the partial performance ; but, assuming the contracts to be entire, I nevertheless conclude on the facts heretofore stated, which are all the facts bearing on the question, that a recovery may be had on a *quantum meruit.*"

At the trial in the Superior Court, before *Braley*, J., without a jury, the plaintiff read the auditor's report and also introduced oral evidence.

At the close of the evidence, the defendant requested, among others, the following rulings : That upon all the evidence the plaintiff could not recover ; that the plaintiff could not maintain. this action in his own name ; that the auditor erred in finding that the plaintiff could recover after Allen abandoned the work ; that the auditor erred in his method of taking the contract price as evidence of the value of the work ; that the auditor erred in construing the contract as divisible ; that the plaintiff could not recover on the ground of the defendant being agent, on the pleadings ; and that the contract was entire, not divisible.

The judge refused to make any of the rulings requested, and the defendant excepted.

The defendant then asked the judge to find the facts in accordance with the auditor's report, and if any other facts were found to file such findings. In answer to this request the judge gave the following to the defendant's counsel as a finding in the case : " I find upon the evidence that the defendant agreed with Allen's representatives to go on and complete the work specified in the contract made by him with said George F. Allen, and to pay to the plaintiff whatever might remain due to him as said Allen's legal representative." The defendant excepted to this finding and to the refusal to find the facts in accordance with the auditor's report. The judge found on all the evidence for the plaintiff and ordered judgment for him in the sum of $1,842.82 ; and the defendant alleged exceptions.

*C. R. Cummings* (*J. W. Cummings* with him,) for the defendant.

*A. S. Phillips,* (*W. E. Fuller, Jr.* with him,) for the plaintiff.

BARKER, J.   The questions growing out of the declaration in set-off having been waived by the defendant the situation of the case is this : The defendant by separate contracts undertook to erect for a city two buildings, and sublet to Allen, of whose bankrupt estate the plaintiff is now the trustee, the mason work, agreeing to pay him for that work on one building $3,400, and on the other $4,537, payments to be made monthly of a percentage of the value of the work done and materials furnished during the preceding month.   After Allen had done most of the mason work and had received from the defendant payments upon account, he fell ill, and left the works uncompleted and without any arrangement for their completion.   There ensued an interview between the architect in charge, the defendant and the bondsmen, family and relatives of Allen, the purpose of which was to find out what was to be done in regard to finishing the buildings.

After this interview the defendant finished the buildings. Allen went into bankruptcy and died after the plaintiff had been appointed trustee of his estate.   The plaintiff asked the defendant to render a statement of the condition of affairs between himself and Allen, and one was rendered showing a balance by the payment of which the defendant was ready to settle with the estate.   This not being satisfactory to the plaintiff, this suit was brought to recover amounts claimed to be owing from the defendant to Allen on account of his connection with the mason work of the two buildings.   The case was sent to an auditor, and twice recommitted to him, and his third report made in substitution for his earlier reports, with other evidence, was put in evidence at the trial of the case before the court without a jury.   At this trial there was a finding for the plaintiff and the case is here upon the defendant's exceptions.

1.   The first contention is that the plaintiff cannot sue in his own name for a demand which became due to the bankrupt before the commencement of the proceedings in bankruptcy. Under the previous bankruptcy act the assignee was given the right to sue in his own name.   U. S. Rev. St. § 5047.   There is no corresponding provision in the act of 1898, and the right of a trustee in bankruptcy to sue upon a demand which passed to him by virtue of his appointment rests upon implication.   The title

to such property as the demand now in suit vests in the trustee upon his appointment and qualification. U. S. St. 1898, c. 541, § 70 a (5). A certified copy of the order approving his bond constitutes conclusive evidence of the vesting of the title, and if recorded imparts the same notice that a deed from the bankrupt to the trustee if recorded would have imparted. Ibid. § 21 e. The provision of § 23 b, that "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant," seems to us to imply that any suit which a trustee may institute may be brought in his own name. If he must bring certain actions in the name of the bankrupt, the provision quoted would not have been expressed in such general terms. The authority given in § 26 to the trustee to submit any controversy arising in the settlement of the estate to an arbitration in which the finding of the arbitrators may be filed in court and have like force and effect as the verdict of a jury, looks in the same direction. So also the general terms of § 46 a providing for the non-abatement of suits in case of the death or removal of a trustee. The implications drawn from these provisions are supported by the practical construction of the act by all courts in entertaining without distinction actions by such trustees, as well for demands which accrued to the bankrupt as for those growing out of the title of the trustee to property the title of which passed to the trustee by virtue of his appointment and qualification.

2. The defendant contends, that there was an abandonment of the contracts on the part of Allen which prevented him from recovering anything on account of them, that there was no consideration for any new agreement on the part of the defendant, and no authority on the part of any one to enter into a new agreement with him, and no intention to make such an agreement. The auditor found that Allen abandoned the work and that the defendant did not finish it as Allen's agent. The judge however was not bound by either of these findings of the auditor and might revise them in the light of other facts found by the auditor as well as in view of the other evidence put in at the trial before the judge. There seems to have been no formal

abandonment by Allen of his contracts, and no acts on his part showing an abandonment except his leaving the work unfinished without himself making any arrangements for its completion.

In the evidence that after Allen ceased work there was a consultation between the architect, the defendant and the bondsmen, family and relatives of Allen as to what should be done to finish the buildings, that the defendant there stated that he was willing to complete them himself and that the balance if any was to be paid to the estate; and that he did complete them and thereafter rendered to the plaintiff a statement showing a balance which he was willing to pay to the estate, justified a finding that there was no definite and conclusive abandonment of the contracts on the part of Allen, that the arrangement that the defendant should complete the work made at the interview was ratified by Allen, and that the contracts were in fact completely performed by Allen through the agency of the defendant. The judge found that the defendant agreed with Allen's representatives to go on and complete the work specified in the contracts and to pay the plaintiff whatever might remain due to him as Allen's representative. This with the general finding for the plaintiff disposes of most of the defendant's contentions. The situation when Allen stopped work furnished a consideration for the agreement found by the judge, if Allen relying upon that agreement omitted to have the work finished by other means; and although he was not himself present at the interview his ratification of the acts of those who there assumed to represent him may be presumed. If as the judge must have found the work was in effect completed by Allen through the agency of the defendant there was no abandonment of the contracts, it was immaterial whether the contracts were divisible and whether the contract price was evidence of the value of the work done by Allen himself.

3. The question of pleading raised upon the defendant's brief is not shown to have been raised at the trial and is not now open, but it would seem that the findings of the judge show that the general finding for the plaintiff might have been entered upon either count.

*Exceptions overruled.*