W. F. WALLER v. HENRY T. HAMER, *Receiver, etc.*

No. 12,697.   (69 Pac. 185.)

SYLLABUS BY THE COURT.

CORPORATIONS — *Stockholders' Liability — Suit by Receiver — Parties.* The mode of procedure provided in chapter 10, Laws of 1898, to collect from the stockholders a judgment previously obtained against the corporation, is in its nature an equitable proceeding, and all stockholders within the jurisdiction of the court must be brought into the action to the end that the entire debts of the corporation may be adjusted and assessments made against the stockholders to satisfy such debts, and that the court may also adjust these liabilities between the stockholders and award to each such relief as may appear just.

Error from Morris district court; O. L. MOORE, judge. Opinion filed June 7, 1902. Reversed.

*Humphrey & Humphrey,* and *John Maloy,* for plaintiff in error.

*D. H. Brown, M. B. Nicholson,* and *W. J. Pirtle,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The Council Grove Investment Company was a business corporation other than a railway or bank. On March 9, 1897, the Farmers' and Drovers' Bank recovered a judgment against it for $6265.28 in the district court of Morris county, and caused an alias execution to issue to the sheriff of said county against the property of the corporation, which was returned on the 1st day of March, 1899, *nulla bona.* One A. W. Hickman also recovered a judgment against said corporation in said court for $2580.43. On March 18, 1899, on the application of the Farmers' and Drovers' Bank, the district court of Morris county appointed the defendant in error,

Henry T. Hamer, receiver of the debtor corporation, to close up its affairs.

The receiver commenced this action in the district court of Morris county against W. F. Waller, as a stockholder, to recover his unpaid subscription and statutory liability to satisfy such judgments.

The defendant filed his answer and plea in abatement, alleging, among other facts, that he had a good and meritorious defense to the cause pleaded in the petition, but that he should not be compelled to plead it, for the reason that certain other persons (giving their names and number of shares owned by each) were stockholders in said corporation, and had not paid into the corporation the full par value of their stock or their statutory liability; that the receiver should not be permitted further to prosecute the action against him until all the stockholders were brought into court, to the end that a final ascertainment of the debts of the corporation and an adjustment and settlement of the liabilities of the stockholders to the corporation, and as between themselves, might be had.

To this plea in abatement the plaintiff demurred, which demurrer was sustained. Thereafter, upon leave of court, the defendant demurred to the petition for the reasons: (1) That the plaintiff had no legal capacity to institute and maintain the present action; (2) that the petition did not state facts sufficient to constitute a cause of action against the defendant; (3) that there was a defect of parties plaintiff; (4) that there was a defect of parties defendant. This demurrer was overruled, and thereafter the defendant answered. Trial was had and judgment rendered for plaintiff, from which the defendant prosecutes error to this court.

The important question in this case is, Should the

demurrer to the plea in abatement have been sustained?

Prior to the enactment of chapter 10, Laws of 1898, the creditor of a business corporation, other than a railway or bank, might proceed against the individual stockholders only : (1) By motion after judgment and execution against the corporation returned *nulla bona*; (2) by action after dissolution, either by expiration of time, judgment of dissolution, or suspension of business for more than one year, as provided in sections 32 and 44 of the corporation act (Gen. Stat. 1868, ch. 23).

Chapter 10 of the Laws of 1898 repealed said sections 32 and 44, and substituted therefor sections 14 and 15 (Gen. Stat. 1901, §§ 1302, 1315), as follows :

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property upon which to levy such execution, such corporation shall be deemed to be insolvent; and upon application to the court from which said execution was issued, or to the judge thereof, a receiver shall be appointed to close up the affairs of said corporation. Such receiver shall immediately institute proceedings against all stockholders to collect unpaid subscriptions to the stock of such corporation, together with the additional liability of such stockholders, equal to the par value of the stock held by each. All collections made by the receiver shall be held for the benefit of all creditors, and shall be disbursed in such manner and at such times as the court may direct. Should the collections made by the receiver exceed the amount necessary to pay all claims against such corporation, together with all costs and expenses of the receivership, the remainder shall be distributed among the stockholders from whom collections have been made, as the court may direct; and in the event any stockholder has not paid the amount due from him, the stockholders making

Waller v. Hamer.

payment shall be entitled to an assignment of any judgment or judgments obtained by the receiver against such stockholder, and may enforce the same to the extent of his proportion of claims paid by them."

"The stockholders of every corporation, except railroad corporations or corporations for religious or charitable purposes, shall be liable to creditors thereof for any unpaid subscriptions, and in addition thereto for an amount equal to the par value of the stock owned by them, such liability to be considered an asset of the corporation in the event of insolvency, and to be collected by a receiver for the benefit of all creditors."

It will be observed that an entirely different remedy is provided by the latter statute. It provides, substantially, that upon the return of an execution unsatisfied a receiver may be appointed; the corporation is deemed to be insolvent; its affairs are to be closed up by the receiver, and he is also required to institute proceedings against all stockholders to collect unpaid subscriptions on capital stock, together with the statutory liability upon the same. These collections may be held by him as a fund for the benefit of all creditors, such fund to be disbursed as the court may direct.

If the amount collected exceeds the debts of the corporation and expenses incident to the receivership, the surplus fund is to be distributed by the court equitably among the shareholders from whom collections have been made, and, as a means of saving and adjusting the rights of the stockholders among themselves and against each other, where one or more has paid an undue proportion of the indebtedness of the corporation, such stockholder is entitled to an order of the court assigning any judgment obtained by the receiver against a stockholder or stockholders from whom collections have failed.

There exists no other statute by which the creditor of an insolvent or dissolved corporation may proceed against its stockholders.    It follows, therefore, that if a creditor desires to make a stockholder respond for the debts of the corporation he must proceed against him in the mode thus prescribed and no other.

The two creditors reduced their claims to judgments against the insolvent corporation and caused executions to issue thereon against its property, which were returned *nulla bona*.    Thereafter one or both applied to the court for the appointment of a receiver. Up to this point all proceedings were in conformity with the provisions of chapter 10, Laws of 1898.    This action was then brought by the receiver against one stockholder to recover not only his unpaid subscription, but also what is generally known as his statutory liability, which, by the provisions of said act, is made a part of the assets of the corporation and recoverable by the receiver.

The facts contained in the plea in abatement, which for the purpose of the demurrer are taken as true, are that other stockholders (whose names were given) had not paid into the corporation the par value of the stock owned and held by them, and had paid none of their so-called statutory liability.

It is clear that the statute quoted cannot be conveniently and adequately carried out unless all the stockholders, or, at least, all who can be brought within the jurisdiction of the court, are joined as defendants in one proceeding, instituted by the receiver. If, for example, a fund is collected from the stockholders in excess of the amount required to pay the debts, and the stockholders have been sued in separate suits, it would require other suits to be brought by each stockholder from whom collections had been

made, and who believed himself entitled to a share in the distribution of the surplus fund, to establish his right to such share.   If a portion of such fund had been collected out of court upon assessments made by the receiver and a portion by suit, and there remained an excess to return to the stockholders, the court could not make such a distribution until it had been judicially ascertained who were entitled to such distribution and in what proportion.   This would necessitate fresh suits between all contributing stockholders, whether the collections had been made in or out of court, for the purpose of establishing rights and determining adverse claims to the fund.

It is argued by defendant in error that this procedure cannot be adopted, in view of the decisions of this court in *Abbey v. Dry-goods Co.*, 44 Kan. 415, 24 Pac. 426, and *Howell v. National Bank*, 52 Kan. 133, 34 Pac. 395, where it was held that the liabilities of stockholders to a creditor of a stockholder are several and not joint.   These decisions were a correct interpretation of the law of procedure as it stood at that time ; but, as suggested, the statute which governed the procedure when those decisions were made has been repealed and a mode adopted which authorizes the joining of all stockholders in one action.   While the liability of the several stockholders to the creditor. of a corporation is still several, under the statute quoted the receiver must proceed against them jointly.

This act provides a complete system for collecting the assets and paying the debts of an insolvent corporation, and of adjusting the liabilities of the stockholders between themselves.   To do this, the receiver must bring in all stockholders that are within the jurisdiction of the court, that in one proceeding the court may ascertain and determine the indebtedness

of the corporation, the amount each stockholder should pay, and, if one has paid more than his proportion, award him such relief against the other stockholders as may appear just. The receiver having failed to comply with this plain statutory requirement, the demurrer to the plea in abatement should have been overruled.

One other question is argued by counsel for plaintiff in error which may arise upon a future trial. It is contended that the act of 1898, as applied to the facts in this case, is retroactive in its operation and impairs the obligation of the contract sued on in this case. Suffice it to say that, as to the plaintiff in error, it does not impair his obligation or deprive him of any right he had prior to its passage.

For the reasons stated, the judgment of the court below is reversed and the cause remanded.

SMITH, POLLOCK, JJ., concurring.