## A. HENLEY v. W. H. STEVENSON.

### No. 13,071.   ( 72 Pac. 518.)

#### SYLLABUS BY THE COURT.

CORPORATIONS—*Liability of Stockholders.* Section 14, chapter 10, Laws of 1898, provides the only remedy for the enforcement of the constitutional liability of shareholders in a corporation on a judgment obtained against the corporation after that act took effect, where the record is silent as to the nature of the claim against the corporation reduced to judgment.

Error from Douglas district court; C. A. SMART, judge. Opinion filed May 9, 1903. Reversed.

*W. W. Nevison,* and *George J. Barker,* for plaintiff in error.

*John Welborn,* and *R. E. Melvin,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This is a proceeding by W. H. Stevenson against A. Henley as a stockholder in the Consolidated Barb-wire Company, a Kansas corporation, upon

motion to procure an order permitting execution to issue against such stockholder on a judgment recovered by Stevenson against the corporation. The facts, as shown by the record, are that on February 25, 1900, Stevenson procured a judgment against the corporation in the sum of $2875 and costs of action, taxed at $636.45. The nature of the litigation out of which this judgment arose, or the character of the demand upon which this judgment was obtained, is not disclosed by the record. An execution was issued on this judgment against the corporation and returned *nulla bona*. This motion for execution against Henley as a stockholder in the corporation was filed April 9, 1901. The matter was heard on an agreed statement of facts, from which facts the court found Henley to be a stockholder in the corporation owning $7000 of the capital stock, and concluded as a matter of law that execution should issue against him for the collection of the judgment and costs. It was so ordered. To review such order this proceeding in error is brought.

The sole question for our determination is, Was Stevenson, as judgment creditor of the corporation, entitled to proceed by motion for order of execution of such judgment against Henley, a stockholder in the corporation, upon his individual liability as a stockholder? If so, the order must be affirmed. The constitution, section 2, article 12, provides :

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law ; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

This constitutional provision is not self-executing,

but requires legislative action to provide a remedy for its enforcement. (*Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331.) In 1868 the legislature provided the following remedy for the enforcement of this constitutional liability of shareholders in a corporation :

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged ; and, upon such motion, such court may order execution to issue accordingly ; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment. (Gen. Stat. 1868, § 32, ch. 23.)

This remedy remained in force until 1898, when it was amended, by section 14, chapter 10, Laws of 1898, and the original section was repealed. The act, as amended, reads as follows :

"That section 32, chapter 23, of the General Statutes of 1868, be and the same is hereby amended to read as follows : Sec. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property upon which to levy such execution, such corporation shall be deemed to be insolvent, and upon application to the court from which said execution was issued, or to the judge thereof, a receiver shall be appointed, to close up the affairs of said corporation. Such receiver shall immediately institute proceedings against all

stockholders to collect unpaid subscriptions to the
stock of such corporation, together with the additional
liability of such stockholders equal to the par value of
the stock held by each. All collections made by
the receiver shall be held for the benefit of all cred-
itors, and shall be disbursed in such manner and at
such times as the court may direct. Should the col-
lections made by the receiver exceed the amount neces-
sary to pay all claims against such corporation,
together with all costs and expenses of the receiver-
ship, the remainder shall be distributed among the
stockholders from whom collections have been made,
as the court may direct; and in the event any stock-
holder has not paid the amount due from him the
stockholders making payment shall be entitled to an
assignment of any judgment or judgments obtained
by the receiver against such stockholder, and may en-
force the same to the extent of his proportion of claims
paid by them.''

By the act of 1898, section 44, chapter 23, General
Statutes of 1868, giving creditors of a corporation a
right of action against its stockholders, was also re-
pealed. This act came into operation January 11,
1899, and since said date has constituted the sole and
only remedy by which judgment creditors of corpora-
tions in this state may enforce their claims against
the shareholders in such corporations under the liabil-
ity imposed by the constitution. (*Waller v. Hamer*, 65
Kan. 168, 69 Pac. 185.)

As the judgment against the corporation in the case
at bar was not rendered until February 15, 1900, or
more than a year after the remedy by motion for order
awarding execution against stockholders in corpora-
tions for the collection of corporate judgments was re-
pealed, and as the record in this case is silent as to
any contractual liability existing between Stevenson
and the corporation prior to the taking effect of the

act of 1898, it follows, of necessity, that the order made was without authority of law, is erroneous, and must be reversed.

All the Justices concurring.