O. B. STOCKER, *as Trustee, etc.,* v. C. L. DAVIDSON *et al.*

No. 14,495.    (86 Pac. 136.)

SYLLABUS BY THE COURT.

1. CORPORATIONS — *Insolvency—Assets—Stockholders' Liability.*
In this state the statutory liability of a stockholder to pay
upon the debts of the corporation an amount in addition to
his subscription equal to the par value of his stock becomes
an asset of the corporation in the event of its insolvency; the
liability is one arising upon contract; the right of action to
enforce it is one arising upon contract; and by virtue of
subdivision 6 of section 70a of the bankruptcy act (30 U. S.
Stat. at L. p. 565) such right of action passes to the trustee
in bankruptcy of the corporation upon his due appointment
and qualification.

2. ——— *Suit by a Trustee in Bankruptcy.* Such liability may
be enforced by the trustee in bankruptcy of the corporation
without judgment against it having first been obtained by its
creditors and execution returned unsatisfied, and without
the appointment of a receiver for the corporation by a state
court.

Error from Sedgwick district court; THOMAS C.
WILSON, judge. Opinion filed July 6, 1906. Reversed.

*Dale & Amidon,* and *Stanley, Vermilion & Evans,*
for plaintiff in error.

*J. A. Brubacher,* for defendants in error except John
C. Derst, R. T. Davis, Floyd D. Brown, and Frank
Fitzpatrick.

The opinion of the court was delivered by

BURCH, J.: The plaintiff in error, the trustee in
bankruptcy of an insolvent corporation, brought suit
against all its known solvent stockholders to enforce
their statutory liability. The defendants filed separate
demurrers to the petition, which demurrers were sus-
tained on the theory that the trustee took no title to
the statutory cause of action against the stockholders,
that such liability can be enforced only after judg-
ment and execution against the corporation, and that

no person but a receiver of the corporation appointed under the state law is competent to bring suits of this character.

The statute under which the defendants' liability arose has been repealed, but, since the obligation is contractual, it is not affected by that circumstance. (*Woodworth v. Bowles,* 61 Kan. 569, 60 Pac. 331; *Hawthorne v. Calef,* 69 U. S. 10, 17 L. Ed. 776; *Mc-Donnell v. Alabama Gold Life Insurance Co.,* 85 Ala. 401, 5 South. 120; *St. Louis Ry. Supplies Co. v. Harbine,* 2 Mo. App. 134; *Provident Savings Institution v. The Jackson Place Skating and Bathing Rink,* 52 Mo. 552, 555.)

Before the legislative session of 1898 the so-called "double liability" of stockholders in corporations existed as a kind of security obligation which any creditor had the right to enforce for the payment of his debt. By section 15 of chapter 10 of the Laws of 1898 a radical change was made in the character of the liability, in the method of enforcing it, and in the disposition of the funds derived from its enforcement. That section reads:

"The stockholders of every corporation, except railroad corporations or corporations for religious or charitable purposes, shall be liable to the creditors thereof for any unpaid subscriptions, and in addition thereto for an amount equal to the par value of the stock owned by them, such liability to be considered an asset of the corporation in the event of insolvency, and to be collected by a receiver for the benefit of all creditors."

By classifying the liability as an asset of the corporation the legislature stamped it as property, and to the extent of making it available for the payment of debts placed it in the general category of collectable obligations due to the corporation directly. This purpose was made clear by the other provisions of the act. The individual right to enforce the liability was taken away from creditors and given to a representative of

the corporation itself. The sums collected no longer belonged to creditors in their own right, but constituted a fund for the benefit of all, to be distributed ratably among them. All this is a complete negation of much of the formerly accepted theory of the liability of stockholders, which is correctly stated in volume 1 of the third edition of Cook on Stock and Stockholders and Corporation Law, section 218, as follows:

"The statutory liability of the stockholder is created exclusively for the benefit of corporate creditors. It is not to be numbered among the assets of the corporation, and the corporation has no right or interest in it. . . . Nor can the corporation upon the insolvency assign it to a trustee for the benefit of creditors. It is a liability running directly and immediately from the shareholders to the corporate creditors. Accordingly, a receiver of an insolvent corporation, invested with 'all the estate, property and equitable interests' of the concern, has no power to enforce such a liability as this."

The law attaches to the shareholders' stock subscription a contract to pay upon the debts of the corporation, in case of insolvency, a sum equal to the par value of his stock. By the enactment quoted the benefit of this contract is, in legal effect, assigned to the corporation for the use of all its creditors, if it becomes insolvent. While the liability is imposed by statute, it is brought into existence by, and is included in, the contract of the stockholder. The right to enforce it is a right of action arising upon contract. It is, therefore, fairly within the meaning of subdivision 6 of section 70a of the bankruptcy act (30 U. S. Stat. at L. p. 565), and becomes vested in the trustee in bankruptcy of the corporation upon his appointment and qualification.

It may be conceded that this right of action does not arise upon contract in the sense in which those terms are most frequently employed; that it is not enumerated among the assets of a corporation in the sense of tangible things which may be bought and sold; that it

vests only after insolvency, and is enforceable only after the management of the corporate enterprise has been taken from its own officers and agents. Still it is a right of action arising upon contract and is an asset belonging to the corporation. The purpose of its creation and preservation is that corporate debts may be satisfied. The provisions of both the state and the federal law upon the subject are designed to accomplish that result. Everything available should be utilized for that purpose. The clear intention of the statutes, considered in their entirety, should prevail over the stark, literal signification of single words or groups of words. The legislative enactment in question should unequivocally show that an asset created to meet the sole contingency of insolvency is rendered unavailable by bankruptcy, in order to be given that interpretation.

If it were not possible to say that title to the cause of action disclosed by the record passed to the plaintiff by virtue of subdivision 6 of section 70a of the bankruptcy act (30 U. S. Stat. at L. p. 565), and if in strictness it cannot be classed as property which the bankrupt might have transferred or which might have been levied upon and sold under judicial process within the meaning of subdivision 5 of that section, the trustee's title might be rested upon implication. There is no provision in the bankruptcy act of 1898, as in the former act, authorizing the trustee to sue upon demands passing to him by virtue of his appointment. But the courts give the law a practical construction and hold the right is conferred by implication. (*Pease v. McQuillin,* 180 Mass. 135, 137, 61 N. E. 819.) In the case of *In re Baudouine,* 96 Fed. 536, it was said:

"The bankruptcy act, however, cannot be construed so narrowly as to exclude any vested interest constituting an asset available to creditors, merely on the ground that this asset is not expressly enumerated in section 70. Other provisions of the bankrupt act show that the act is designed to cover all the property and estate of the bankrupt and all assets that can in any

manner be legally made available for the payment of his debts, and to distribute all those assets equally among his creditors. As an incident to this complete distribution of assets, it further provides for the bankrupt's discharge from his debts. A discharge in bankruptcy upon any other condition than the complete appropriation of every known asset legally available to creditors would be not only a glaring wrong to creditors but contrary to every conception of a just system of bankruptcy." (Page 539.)

And in the case of *Spencer v. Duplan Silk Co.*, 112 Fed. 638, it was said:

"It is, no doubt, true, speaking generally, that under section 70*a*, Bankr. Act, the trustee takes no better title to the property than the bankrupt himself possessed; but there are exceptions to this statement, as plainly appears from other provisions of the act. Under certain circumstances the trustee is the representative of the creditors, rather than of the bankrupt, in relation to the property of the estate, and he may unquestionably exercise rights and enforce a title that the bankrupt himself could neither enforce nor exercise." (Page 642.)

These decisions announce the correct rule of interpretation, and the plaintiff in this case is invested with title to the cause of action described in the petition and is authorized to bring suit upon it.

Section 14 of chapter 10 of the Laws of 1898 provides that if property of the corporation cannot be found upon which to levy execution issued at the behest of judgment creditors the corporation shall be deemed to be insolvent. A receiver may then be appointed and the liability of the stockholders enforced. From this it is argued that the trustee in bankruptcy has no right to sue until after judgment in a state court against the corporation and the return of execution unsatisfied. Section 15, *supra,* makes the stockholders' liability as a corporate asset collectable in the event of insolvency, without restriction. Section 14 provides but one method of ascertaining the fact of insolvency. An adjudication in bankruptcy is another,

Stocker v. Davidson.

and whenever insolvency is lawfully established the right to enforce the stockholders' liability accrues. If, however, judgment and execution were contemplated by the statute as preliminary steps to the enforcement of the stockholders' liability the adjudication in bankruptcy under paramount law would excuse the taking of them.

"The law does not require the doing of a vain thing, and, therefore, where the company has become wholly insolvent, has ceased to do business, and assigned all its property to a trustee for the benefit of its creditors, the suit to enforce their statutory liability may be commenced against the stockholders by the creditors, without any of them first recovering a judgment against the company and having an execution issued and returned unsatisfied: *Morgan v. Lewis,* 46 Ohio St. 1, 17 N. E. 558; Thompson, Liability of Stockholders, § 321." *(Barrick v. Gifford et al.,* 47 Ohio St. 180, 184, 24 N. E. 259, 21 Am. St. Rep. 798.)

"Although it has been held by the court of appeals, in the case of *The Rocky Mountain Bank v. Bliss,* 89 N. Y. 338, that a judgment in a court of the state of New York was necessary to fix the liability of a stockholder under section 10 of the act under consideration, yet the same court, in the case of *Shillington v. Howland,* 53 N. Y. 371, held that in an action brought to charge a defendant as stockholder in a company organized under the same law an adjudication in bankruptcy of the company excused a compliance with the condition which required a suit to be brought against the company within a year after the maturity of the debt and a judgment to be recovered and an execution to be issued thereon and returned unsatisfied. We see no reason why we should not follow this decision, and it is conclusive of the question under consideration." *(Flash v. Conn.,* 109 U. S. 371, 380, 3 Sup. Ct. 263, 27 L. Ed. 966. See, also, *Mueller v. Bruss,* 112 Wis. 406, 88 N. W. 231.)

Finally it is contended that the specific procedure prescribed by the state statute must be followed, and that no person except a receiver appointed by the state court can bring the action. The essentials of this procedure are that it must be instituted by an officer

of court and not by the stockholders themselves; that it shall be by action and not by special proceeding; that the sums collected shall constitute a fund for the benefit of all creditors; and that such fund shall be distributed by the direction of a court having power to protect all interests. These conditions are met in every particular except that the official who brings the suit is called a trustee instead of a receiver, and that he is appointed by the bankruptcy and not by the state court. Every matter of substance is present, and mere matters of form and name cannot defeat the proceeding.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrers to the petition.

All the Justices concurring.