Walterscheid v. Bowdish.

CHARLES WALTERSCHEID *et al.* v. J. L. BOWDISH, *as Receiver, etc.*

No. 15,470.   (96 Pac. 56.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Liability of Stockholders—Limitation of Actions.*   Where a corporation which has purchased the mercantile business and stock of an individual, and has assumed all the liabilities of the business, is impleaded with the individual in an action to recover an indebtedness growing out of the business, and while such action, which finally results in a judgment against the corporation, is pending the corporation resells to another corporation, which in turn assumes and agrees to pay all the liabilities of the former, *held*, that the statute of limitations does not begin to run in favor of stock-

holders of the latter corporation so long as the creditor is prosecuting, with reasonable diligence, actions to establish the liability of the successive purchasers.

2. ———— *Repeal of Statute Providing Remedy to Enforce Stockholder's Contract.* In such a case the liability of stockholders of the last purchasing corporation is based upon contract, and the repeal of sections 1302 and 1315 of the General Statutes of 1901 (which imposed the liability and provided the remedy) at a time when an action was pending to establish the liability of the corporation is inoperative in an action to enforce the double liability of the stockholders for the purpose of paying the judgment in such action against the corporation.

3. CONSTITUTIONAL LAW — *Impairment of Obligation of Contracts.* In such a case the statute, being in force at the time the corporation assumed the obligation, was in effect a part of the contract, and any subsequent law of the state which abrogated the liability or so affected the remedy as substantially to impair and lessen the value of the contract is in derogation of section 10 of article 1 of the constitution of the United States, which ordains that "no state shall . . . pass any . . . law impairing the obligation of contracts."

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 11, 1908. Affirmed.

### STATEMENT.

THIS action was brought by Bowdish, as receiver of the B. & C. Pump Manufacturing Company, to recover funds to discharge a judgment theretofore obtained by a copartnership doing business under the name of Burnham, Hanna, Munger & Co. The full statement of the facts in the case is set forth in the following stipulation filed in the action at the trial:

### "STIPULATION.

"It is hereby stipulated and agreed between the parties plaintiff and defendant in the above-entitled action that this cause upon the trial thereof shall be submitted to the court without the intervention of a jury, upon the following statement of facts, which statement, it is hereby agreed, is true and correct and contains all of the facts pertaining to the matters and things in controversy herein:

"(1) That on, to wit, the 23d day of October, A. D. 1900, in an action then and there pending in the district court of Kay county, Oklahoma Territory, wherein James K. Burnham, Thomas K. Hanna, Albert H. Munger, Fred C. Stoepel, Rice R. Miner, Harry McWilliams and Henry L. Root, copartners as Burnham, Hanna, Munger & Co., were plaintiffs, and Thomas J. Dixon was defendant, and the Wichita Plumbing and Pump Company, a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Kansas, was interpleader, the said plaintiff by the consideration of the said court recovered judgment against the said The Wichita Plumbing and Pump Company in the sum of two hundred thirty-eight and 75-100 dollars ($238.75), with interest and costs, in which said judgment the said The Wichita Plumbing and Pump Company was given ninety days in which to make and serve a case-made for the supreme court of Oklahoma Territory.

"(2) That the said The Wichita Plumbing and Pump Company did not prepare and serve said case-made, and said case was not thereafter taken to the supreme court of Oklahoma; that the action in which said judgment, hereinbefore mentioned, was rendered was commenced in the district court of Kay county, Oklahoma, on July 26, 1894, and had been pending in said court and in the supreme court of Oklahoma ever since said last. above-mentioned date.

"(3) That on, to wit, the 3d of July, 1901, the said James K. Burnham, Thomas K. Hanna, Albert H. Munger, Fred C. Stoepel, Rice R. Miner, Harry McWilliams and Henry L. Root, copartners as Burnham, Hanna, Munger & Co., commenced their action in the district court of Sedgwick county, Kansas, upon said judgment last hereinbefore mentioned, against the B. & C. Pump Manufacturing Company, a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Kansas, said cause being No. 21,709.

"(4) That in the action so commenced as last hereinbefore stated it was alleged that the B. & C. Pump Manufacturing Company had succeeded to the business, property and rights of the said The Wichita Plumbing and Pump Company, and had assumed and agreed to pay all of the indebtedness of the said The Wichita Plumbing and Pump Company.

"(5) That in the said action last above mentioned the said The B. & C. Pump Manufacturing Company appeared by attorneys procured and employed by defendants, and contested said action.

"(6) That thereafter, and on, to wit, the 4th day of April, A. D. 1904, said action came on for hearing in the district court of Sedgwick county, Kansas, both parties being present by attorneys as aforesaid, and upon the said hearing and trial judgment was rendered in favor of Burnham, Hanna, Munger & Co. and against the said The B. & C. Pump Manufacturing Company in the sum of three hundred fourteen and 42-100 dollars ($314.42), and also twenty and 75-100 dollars ($20.75) costs, both with interest at the rate of six per cent. per annum, which said judgment is recorded in journal No. 45, at page 26, of the record of said court.

"(7) That in said judgment it was ordered that the defendant The B. & C. Pump Manufacturing Company be, and it was thereby and therein, given ninety days from the date therein in which to make and serve a case-made for the supreme court of the state of Kansas; that no case-made was ever made or served by the said The B. & C. Pump Manufacturing Company in said action, and that said cause was not by the said The B. & C. Pump Manufacturing Company or by any one else taken to the supreme court of the state of Kansas.

"(8) That thereafter, and on, to wit, the 2d day of July, A. D. 1904, the said Burnham, Hanna, Munger & Co. caused an execution to be duly and legally issued upon said judgment so rendered, as last hereinbefore mentioned, which said execution was thereafter, and on, to wit, the 11th day of August, 1904, by Henry Schad, the duly elected, qualified and acting sheriff of Sedgwick county, Kansas, duly and legally returned and filed in the office of the district clerk of Sedgwick county, Kansas, wholly unsatisfied for want of goods and chattels whereon to levy the same.

"(9) That thereafter, and on, to wit, the 19th day of September, 1904, the plaintiff in this case was by order of the district court of Sedgwick county, Kansas, then and therein duly and legally appointed receiver of and for the B. & C. Pump Manufacturing Company, under and by virtue of the provisions of section 1302, Compiled Laws of 1901; that plaintiff thereafter took

his oath as such receiver, and filed his bond as required, and qualified as such receiver, and is now and ever since has been the appointed, qualified and acting receiver of the B. & C. Pump Manufacturing Company.

"(10) That on the 7th day of November, 1904, this plaintiff was, by the order of said district court of Sedgwick county, Kansas, ordered and directed to bring this action, under and by virtue of said section 1302 of the Compiled Laws of 1901.

"(11) That the said B. & C. Pump Manufacturing Company was, as hereinbefore stated, a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Kansas, with an authorized capital stock of one hundred thousand dollars, divided into four thousand shares of twenty-five dollars each.

"(12) That on, to wit, the 27th day of February, 1900, the defendant Charles Walterscheid was, and ever since has been, the legal and equitable owner and holder of 504 shares of the capital stock of the said The B. & C. Pump Manufacturing Company; that the defendant William Walterscheid was, on said 27th day of February, 1900, and ever since has been, the legal and equitable owner of 194 shares of the capital stock of the said The B. & C. Pump Manufacturing Company; and were at said time the owners of all the stock issued by said company.

"(13) That on, to wit, the 27th day of February, 1900, the defendants, being then and there the owners and holders of all of the capital stock of the said The B. & C. Pump Manufacturing Company, took by purchase from the said The B. & C. Pump Manufacturing Company all of its assets of any and every kind and description and assumed all of its liabilities, and that the said The B. & C. Pump Manufacturing Company thereupon suspended business and ceased to engage in the business for which it was organized, and has not since that date engaged in any business of any kind or character whatever."

On this stipulation judgment was rendered against the plaintiffs in error, jointly, for the full amount of the judgment in favor of Burnham, Hanna, Munger & Co., and this judgment is brought here for review.

*I. P. Campbell, J. Graham Campbell,* and *Ray Campbell,* for plaintiffs in error.

*Stanley, Vermilion & Evans,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: It is first contended that, as sections 1302 and 1315 of the General Statutes of 1901 were repealed by chapter 152 of the Laws of 1903, no law existed imposing an obligation upon the plaintiffs in error, and no law existed providing any remedy for the enforcement of the obligation, if an obligation existed. Condensing the facts related, it will be observed that Burnham, Hanna, Munger & Co. commenced an action in July, 1894, against one Dixon to recover on an account, and that the Wichita Plumbing and Pump Company interpleaded in the action, having purchased the business and assumed the indebtedness of Dixon, and judgment was rendered against the Wichita Plumbing and Pump Company in October, 1900. In July, 1901, the B. & C. Pump Manufacturing Company having succeeded to all the property and rights of the Wichita Plumbing and Pump Company and having assumed and agreed to pay all its indebtedness, Burnham, Hanna, Munger & Co. commenced an action against the B. & C. Pump Manufacturing Company on their judgment, and recovered judgment therein against the last-named company in April, 1904. Prior to the commencement of the action against the B. & C. Pump Manufacturing Company, Charles and William Walterscheid became the owners of all the capital stock of the company, bought all its property and assets, and assumed all its liabilities. The action, however, of Burnham, Hanna, Munger & Co. against the B. & C. Pump Manufacturing Company continued pending until the 4th day of April, 1904, when they recovered judgment and soon thereafter had execution issued thereon, which was returned unsatisfied; and in September, 1904, the defendant in error was appointed

receiver of the B. & C. company, and in November, 1904, was ordered to bring this action under section 1302 of the General Statutes of 1901.

The controversy then depends upon whether the liability of the plaintiffs in error was an obligation imposed by the statute and expiring with the statute or whether it was founded in contract and was beyond the power of the legislature to affect. The question was answered in *Stocker v. Davidson,* 74 Kan. 214, 86 Pac. 136, a portion of the syllabus of which reads:

"In this state the statutory liability of a stockholder to pay upon the debts of the corporation an amount in addition to his subscription equal to the par value of his stock becomes an asset of the corporation in the event of its insolvency; the liability is one arising upon contract; the right of action to enforce it is one arising upon contract."

The Stocker case proceeds to decide that the liability may be enforced by a trustee in bankruptcy under the bankruptcy act of the United States, and holds that a receiver is not necessary under the laws of the state. It does not, however, hold that a receiver may not have the same rights as the trustee in bankruptcy, and as each is an arm of the court in collecting and converting the assets of the corporation into funds to pay its indebtedness it seems apparent that a receiver appointed under the laws of the state has the same rights and powers, so far as is material to this case, as a trustee in bankruptcy. It is said in volume 26 of the American and English Encyclopædia of Law, at page 746:

"The repeal of a statute has no effect on those rights and interests which have accrued under it, and which are past and closed; nor are any liabilities incurred under the repealed statute affected by the repeal, unless either they are released by the repealing statute, or the repeal includes the remedy of enforcing the liability."

(See, also, *Memphis v. United States,* 97 U. S. 293, 24 L. Ed. 920.)

This court said, in *Watkins v. Glenn,* 55 Kan. 417, 40 Pac. 316:

"Any subsequent law of the state which so affects the remedy as substantially to impair and lessen the value of the contract is forbidden by article 1, section 10, of the constitution of the United States, which ordains that 'no state shall . . . pass any . . . law impairing the obligation of contracts.'" (Syllabus.)

We therefore hold, following the cases of *Stocker v. Davidson* and *Watkins v. Glenn, supra,* that, although the act of 1903 purported to repeal both the obligation and the remedy, that act was not operative as to this case. Not only did the obligation arise out of contract, but the remedy had been invoked under the statute before the repealing act was passed, and without the remedy the contract itself would be so far impaired as to be valueless. Neither the obligation nor the remedy is therefore affected by the repealing statute. A general saving clause, found in section 7342 of the General Statutes of 1901, seems also sufficient to sustain this construction. It reads:

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed."

Another contention of the plaintiffs in error is that this action at the commencement thereof was barred by the three-year statute of limitation. It will be observed that the liability of the Wichita Plumbing and Pump Company to Burnham, Hanna, Munger & Co. rested upon, and could only be ascertained by establishing, the liability of Dixon, and the liability of the B. & C. Pump Manufacturing Company depended upon the liability of the Wichita Plumbing and Pump Company, and the liability of the plaintiffs in error depended upon the liability of the B. & C. Pump Manufacturing Company. And, although it took years to

Walterscheid v. Bowdish.

establish these successive liabilities, it is not suggested that the proceedings were not carried on regularly, and only a short time intervened between the taking of the several steps necessary thereto. The judgment against the Wichita Plumbing and Pump Company was obtained October 23, 1900, and the action against the B. & C. Pump Manufacturing Company was commenced about nine months thereafter and judgment was obtained on the 4th day of April, 1904. This action against the plaintiffs in error was commenced about seven months thereafter. So it seems that the successive steps to establish the liability of the plaintiffs in error were taken without unnecessary delay, it being conceded that the only remedy, if any remedy existed, was under section 1302 of the General Statutes of 1901. (*Waller v. Hamer,* 65 Kan. 168, 69 Pac. 185; *Henley v. Stevenson,* 67 Kan. 4, 72 Pac. 518. See, also, *Weaver v. Haviland,* 142 N. Y. 534, 37 N. E. 641, 40 Am. St. Rep. 631.)

Again, it is urged that the judgment rendered is not supported by facts, is not such a judgment as the law authorizes, and is contrary to law. It is conceded that the action should have been brought jointly against the plaintiffs in error, but it is urged that the judgment should have been rendered against each separately, in proportion to the amount of his stock; in other words, that under his double liability judgment should have been rendered against Charles Walterscheid for $12,600, and against William Walterscheid for $4850, whereas judgment was rendered against them jointly for about $400. There is no suggestion that there were any other creditors of the B. & C. Pump Manufacturing Company, or that it required any more than the amount of the judgment in favor of Burnham, Hanna, Munger & Co. entirely to close up the affairs of the B. & C. company. The plaintiffs in error do not seem to have been prejudiced because a much smaller judgment was rendered against the two jointly than might

have been rendered, if the circumstances required it, against each severally.

The plaintiffs in error also complain against including in the judgment the amount of the receiver's fees. These fees were proper costs of the action and there is no cause of complaint.

Finding no error in the judgment or proceedings to the prejudice of the plaintiffs in error, the judgment is affirmed.